■ VEDIC HERITAGE, INC., Respondent, v MANOJ K. PATEL, Appellant. [637 NYS2d 484] —In an action to recover dam-

ages, *inter alia,* for fraud and conversion, the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated June 15, 1994, as granted the plaintiff's motion to direct him to turn over all of the plaintiff's records and files in his possession and denied his cross motion to transfer the action and to consolidate it with another action pending in the Supreme Court, New York County, (2) from so much of an order of the same court dated September 13, 1994, as granted the plaintiff's motion to hold him in contempt of court for failing to obey the order dated June 15, 1994, and denied the branches of his cross motion which were for reargument and for a stay of the order dated June 15, 1994, and (3) from so much of an order of the same court dated February 8, 1995, as granted the plaintiff's motion to hold him in contempt of court for failing to comply with the orders dated June 15, 1994, and September 13, 1994, and denied his cross motion to dismiss the plaintiff's motion and to stay the proceedings pending appeal.

Ordered that the appeal from so much of the order dated September 13, 1994, as denied the branch of the defendant's cross motion which was for reargument is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the Supreme Court that the defendant, an attorney who has been suspended from the practice of law, has no right to enforce a retaining lien on the files of the plaintiff, a former client *(see, Capoccia v Brognano,* 126 AD2d 323).

The Supreme Court properly denied the defendant's cross motion to transfer this action to the Supreme Court, New York County, and to consolidate it with another action that the defendant had commenced in that court *(see, Cassel v Koether,* 90 AD2d 785). Moreover, since the plaintiff is a corporation and its principal office is in Nassau County, venue in that county is proper *(see,* CPLR 503 [c]; *Conway v Gateway Assocs.,* 166 AD2d 388).

There is no basis to disturb the Supreme Court's orders holding the defendant in contempt of court for failing to return all of the plaintiff's files in his possession *(see, McCain v Dinkins,* 84 NY2d 216). The defendant was personally served with copies of the orders upon which the contempt findings were based. Thus, he had notice of those orders *(see, Yorktown Cent. School Dist. v Yorktown Congress of Teachers,* 42 AD2d 422, 424).

Moreover, a hearing was not required to hold the defendant in contempt *(see, Bell v Bell,* 181 AD2d 978).

We have reviewed the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Bracken, Copertino, Joy and Altman, JJ., concur.