■ ABRAHAM LEITNER et al., Respondents-Appellants, v MICHAEL OBERLANDER et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. FREEFORM BUILT, LTD., Third-Party Defendant-Appellant-Respondent. [648 NYS2d 320] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant appeals (a) from an order of the Supreme Court, Kings County (Steinhardt, J.), dated September 29, 1994, which, *inter alia,* granted the plaintiffs' cross motion for partial summary judgment on the issue of liability and denied its cross motion for summary judgment dismissing the plaintiffs' complaint, and (b) as limited by its brief, from so much of a judgment of the same court, dated October 20, 1994, as is in favor of the plaintiffs and against it in the principal sum of $230,000, (2) the defendants third-party plaintiffs separately appeal, as limited by their brief, from so much of the same judgment as is in favor of the plaintiffs and against them in the principal sum of $240,000, and (3) the plaintiffs cross-appeal from an order of the same court, dated August 7, 1995, which denied their motion to renew their cross motion for partial summary judgment on the issue of liability.

Ordered that the appeal from the order dated September 29, 1994, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated September 29, 1994, is vacated, the separate motions of the defendants third-party plaintiffs and the third-party defendant for summary judgment dismissing the complaint are granted, and the plaintiffs' cross motion for partial summary judgment on the issue of liability is denied; and it is further,

Ordered that the order dated August 7, 1995, is affirmed; and it is further,

Ordered that the defendants third-party plaintiffs and the third-party defendant, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order dated September 29, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action

*(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order dated September 29, 1994, are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The defendants were entitled to the exemption provided under Labor Law §§ 240, 241, and 241-a for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 241; *Khela v Neiger,* 85 NY2d 333, 336). The evidence establishes that, at the time of the accident, the injured plaintiff was working on a two-family dwelling *(see, Khela v Neiger, supra).* Furthermore, the evidence presented at the time of the original motion establishes that none of the defendants directed or controlled the injured plaintiff's work *(see, McGuiness v Contemporary Interiors,* 205 AD2d 739; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515; *Kelly v Bruno & Son,* 190 AD2d 777; *Schwartz v Foley,* 142 AD2d 635).

The Supreme Court did not err in denying the plaintiffs' motion to renew its cross motion for partial summary judgment. "A prevailing party is not permitted to renew a motion upon which it has already prevailed, particularly where, as here, the [motion] was made subsequent to the filing of a notice of appeal from the original motion" *(Matthews v New York City Hous. Auth.,* 180 AD2d 669, 670; quoting *Serino v Miller Brewing Co.,* 167 AD2d 919). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.