■ VEDIC HERITAGE, INC., Respondent, v MANOJ K. PATEL, Appellant. [648 NYS2d 173] —In an action, *inter alia,* to recover damages for fraud and conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 7, 1995, which denied his motion to (1) dismiss the complaint, (2) set aside orders of the same court dated (a) June 15, 1994, which granted the plaintiff's motion to direct him to turn over all of the plaintiff's records and files in his possession and denied his cross motion to change venue of the action and consolidate it with another action pending in the Supreme Court, New York County, (b) September 13, 1994, which granted the plaintiff's motion to hold him in contempt of court for failing to obey the order dated June 15, 1994, and denied

the branches of his cross motion which were for reargument and for a stay of the order dated June 15, 1994, and (c) February 8, 1995, which granted the plaintiff's motion to hold him in contempt of court for failing to comply with the orders dated June 15, 1994, and September 13, 1994, and (3) stay all further proceedings pending hearing and determination of this appeal, and which imposed sanctions in the amount of $5,000 on him for frivolous motion practice.

Ordered that the order is affirmed, with costs.

This case was before this Court on a previous occasion. In affirming the three above-mentioned orders of the Supreme Court dated June 15, 1994, September 13, 1994, and February 8, 1995, respectively, we held that the defendant, as a suspended attorney, was not entitled to a lien on the plaintiff's files; that Nassau County was an appropriate venue; and that the defendant was properly held in contempt for failing to comply with the court's orders directing him to return the plaintiff's files in his possession (*see, Vedic Heritage v Patel,* 224 AD2d 517).

On this appeal the defendant seeks to raise again the same issues that were decided by this Court on the previous appeals. The doctrine of the law of the case is therefore applicable (*see, Corporate Prop. Investors v Board of Assessors,* 203 AD2d 317; *Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 198 AD2d 569), and the order must be affirmed on the basis of our prior determination of those issues.

In view of the defendant's conduct in bringing the motion leading to the order on appeal despite the fact that the Supreme Court had at least twice before denied identical relief in prior motions, the Supreme Court acted within its discretion in imposing sanctions against the defendant for engaging in frivolous conduct. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.