■ ANNA LATTANZI et al., Respondents, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent, and WALSH CONSTRUCTION COMPANY, Appellant. (And a Third-Party Action.) [659 NYS2d 784] —In an action to recover damages for personal injuries, etc., the defendant Walsh Construction Company appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 29, 1996, which denied its motion for summary judgment dismissing the plaintiffs' common-law negligence cause of action and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, with costs, by deleting therefrom the provision denying that branch of the motion of the defendant Walsh Construction Company which was for summary judgment dismissing the plaintiffs' common-law negligence cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant payable by the plaintiffs.

The dismissal of the plaintiffs' Labor Law § 200 cause of action against the defendant Walsh Construction Company (hereinafter Walsh) was upheld on a previous appeal to this Court *(see, Lattanzi v International Bus. Machs. Corp.,* 237 AD2d 259). To the extent that a common-law negligence cause of action is premised upon the same theory as an owner's or general contractor's duty to provide a safe workplace, it is one and the same with the Labor Law § 200 cause of action *(see, Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Vilardi v Berley,* 201 AD2d 641). Therefore, the various allegations of negligence on the part of Walsh which were considered and rejected on

the previous appeal are now the law of the case (see, Vedic Hertigate v Patel, 232 AD2d 477). In any event, there is no evidence establishing that any acts or omissions whatsoever on the part of Walsh contributed to the injured plaintiff's accident.

However, any cross claims asserted against Walsh are not dismissed, as Walsh failed to demonstrate why any of these cross claims should be dismissed. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.