■ BLAS ROBERTTI, Respondent, v POWERS CHANG et al., Defendants and Third-Party Plaintiffs-Respondents, et al.,

Defendants. ABC CONSTRUCTION CORP., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [669 NYS2d 876] —In an action to recover damages for personal injuries, the third-party defendant ABC Construction Corp. appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated April 24, 1997, which, upon a jury verdict, (1) is in favor of the plaintiff and against the defendants Powers Chang, Solomon Liou, Helena Hoo, John Chang, Sophia Hsieh and Jong Chen, d/b/a Main Street Associates, in the total sum of $235,491.89, and (2) is in favor of Main Street Associates and against it on the cause of action in the first third-party complaint for indemnification. The third-party defendant's notice of appeal from an order dated December 13, 1996, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The issues raised with respect to the Labor Law § 240 cause of action have been considered by this Court in a previous appeal (see, Robertti v Chang, 227 AD2d 542), and that decision and order constitutes the law of the case (see, Lattanzi v International Bus. Machs. Corp., 240 AD2d 475; Vedic Heritage v Patel, 232 AD2d 477). The issue raised with respect to the Labor Law § 241 (4) cause of action does not appear to have been raised on the previous appeal. However, the third-party defendant's contention with regard to this statutory provision is without merit.

Contrary to the plaintiff-respondent's contention, an award of sanctions is unwarranted in this case. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.