■ JESUS PIEDRA, Appellant, v MARITZA PIEDRA MATOS, Respondent. [835 NYS2d 407]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered February 2, 2006, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6) and denied his cross motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from,

on the law, with costs, and, upon searching the record, so much of the order as, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence is vacated and that branch of the defendant's motion is granted.

On April 19, 2003 the plaintiff fell from the roof of the defendant's home while constructing a porch. At the time of the accident, the home was a two-family dwelling occupied only by the defendant's family. The year after the accident, the attic was renovated and the home was eventually occupied by three families.

The plaintiff commenced this action against the defendant alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). After depositions were completed, the defendant moved for summary judgment dismissing the complaint, contending that she was exempt from liability as the owner of a two-family dwelling who did not direct or control the work. The plaintiff cross-moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the Labor Law §§ 200, 240 (1), and § 241 (6) causes of action and denied the plaintiff's cross motion.

Owners of one- and two-family dwellings who do not direct or control the work being performed are statutorily exempt from liability under Labor Law § 240 (1) and § 241 (6). The defendant established her entitlement to summary judgment dismissing those causes of action, and the causes of action alleging common-law negligence and a violation of Labor Law § 200, by demonstrating that she was the owner of a two-family dwelling at the time of the accident and that she did not direct or control the work (*see Khela v Neiger,* 85 NY2d 333 [1995]; *Lombardi v Stout,* 80 NY2d 290, 294-295 [1992]; *Leitner v Oberlander,* 232 AD2d 376, 377 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.

Consequently, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), and properly denied the plaintiff's cross motion. However, the court also should have granted that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action since it was based on the same theory as the Labor Law § 200 cause of action (*see Small v Gutleber,* 299 AD2d 536 [2002]; *Lattanzi v International Bus. Machs. Corp.,* 240

AD2d 475, 476 [1997]). Although the defendant did not appeal from the order, this Court "has the authority to search the record and grant summary judgment to a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court" (*Capellan v King Wire Co.*, 19 AD3d 530, 532 [2005]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.