■ John Mandelos, Appellant, v Kouzinia Karavasidis, Defendant and Third-Party Plaintiff-Respondent. John Chimney Construction, Inc., Third-Party Defendant-Respondent. [623 NYS2d 907] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), dated April 26, 1993, as denied his motion for summary judgment and, sua sponte, dismissed the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when he fell from the roof of a building under renovation at 23-37 92nd Street in Queens. The building, together with the attached building at 23-35 92nd Street, was owned by John Karavasidis and his wife, the defendant Kouzinia Karavasidis. At the time of the accident, the plaintiff was employed by a company owned by John Karavasidis, the third-party defendant John Chimney Construction, Inc., which had been issued work permits to renovate both buildings. The record indicates that the plaintiff received Workers' Compensation benefits through John Chim-

ney Construction, Inc. The plaintiff commenced this action solely against the defendant Kouzinia Karavasidis alleging violations of Labor Law § 240 (1) and § 241 and a common law negligence cause of action. The plaintiff moved for summary judgment. The court denied the plaintiff's motion and upon searching the record granted summary judgment to the defendant dismissing the complaint. The court concluded that the exemption contained in Labor Law § 240 (1) and § 241 for the "owners of one and two-family dwellings who contract for but do not direct or control the work" applied in this case. We agree.

The plaintiff contends that the exemption does not apply because the premises where he was injured was actually a multi-family dwelling. He bases this contention on evidence that 23-37 92nd Street and 23-35 92nd Street have a common roof and outside stairway and would contain four separate apartments once the renovation was completed. We find that the evidence refutes the plaintiff's claim and establishes that 23-37 and 23-35 92nd Street are attached one or two-family dwellings typically found in Queens. Each dwelling has a separate basement, heating system, and entrance. Moreover, separate work permits were issued for each dwelling, each describing the use of the premises as "residential (1 and 2F)". The fact that each of the attached buildings contains two separate apartments does not warrant a finding that the buildings were converted into a single multi-family dwelling.

Having determined that the site of the accident, *i.e.*, 23-37 92nd Street, was a one or two-family dwelling, the question remains as to whether the renovation was for a commercial purpose. The exemption for one and two-family dwellings does not apply where the dwelling is being renovated entirely and solely for commercial rental purposes *(Van Amerogen v Donnini,* 78 NY2d 880, 882; *see also, Lombardi v Stout,* 80 NY2d 290, 296-297). Here, the evidence established that the building where the accident occurred was being renovated for use as the defendant's primary residence, and, in fact, at the time of the defendant's deposition, the only persons living in the apartments were members of her immediate family.

The plaintiff failed to present evidence that the defendant supervised, directed, or controlled the work on the premises. The defendant's deposition testimony indicated that she visited the premises to see how work was progressing but she did not in any manner control the work. The general statements by the defendant's husband that she participated in decisions regarding the construction established nothing more than that

she exercised the type of control any homeowner would exercise over work being done on her home *(see, e.g., Jarvis v Dianto,* 210 AD2d 380; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515). We note that the plaintiff did not argue before the Supreme Court or on appeal that the defendant controlled the manner or method of his work.

Our dissenting colleagues suggest that liability should be imposed upon the defendant because she and her husband owned the property by the entirety, and he controlled the work. This issue was not raised by the plaintiff. In any event, the husband's liability as an owner was subsumed by his general liability under the Workers' Compensation Law *(see, Heritage v Van Patten,* 59 NY2d 1017). Thus, the defendant's liability under the Labor Law must be determined based on her status and actions, not those of her husband.

Finally, we conclude that the court did not err in dismissing the cause of action based on common law negligence. The evidence established that the alleged dangerous condition, that is, the failure to provide safety equipment, arose from the methods used by the construction company, and the defendant exercised no supervisory control over the operation *(see, Lombardi v Stout, supra,* 80 NY2d, at 295; *Jacobsen v Grossman,* 206 AD2d 405). O'Brien, J. P., Joy and Goldstein, JJ., concur.

Friedmann, J., concurs in part and dissents in part and votes to modify the order by deleting the provisions thereof which (1) denied those branches of the plaintiff's motion which were for summary judgment on his causes of action pursuant to Labor Law § 240 (1) and § 241 and dismissed those causes of action, and (2) denied the third-party plaintiff's motion for summary judgment and dismissed the third-party complaint and substituting therefor provisions (1) granting those branches of the plaintiff's motion which were for summary judgment on his causes of action pursuant to Labor Law § 240 (1) and § 241 and (2) granting the third-party plaintiff's motion for summary judgment, in the following memorandum with which Krausman, J., concurs: Because the record at bar establishes that the building on which the plaintiff was working was a multi-family dwelling, I would vote to grant summary judgment to the plaintiff against the defendant homeowner on the issue of liability under Labor Law § 240 (1) and § 241. I would additionally grant the defendant third-party plaintiff's motion for summary judgment against the third-party defendant, John Chimney Construction, Inc., because a property owner or contractor who is vicariously liable under the Labor Law is entitled to common law indemnification

from the negligent party *(Kelly v Diesel Constr. Div.,* 35 NY2d 1). At the very least, my review of the record leads me to conclude that summary judgment should not be granted to the defendant as to the plaintiff's causes of action pursuant to Labor Law § 240 (1) and § 241 because of the existence of several significant questions of fact.

The record establishes that after January 1990, when the defendant, Kouzinia Karavasidis, and her husband, John Karavasidis, purchased the premises at 23-35 and 23-37 92nd Street in Jackson Heights, Queens, they proceeded to convert the two connected, two-family houses into a single four-apartment complex. The renovation was performed by third-party defendant John Chimney Construction, Inc., a company entirely owned and operated by John Karavasidis, who personally supervised the work. According to John Karavasidis, his wife, the defendant, actively contributed to the design of the renovation project, and "participated in the details of [its] construction". At the time of the parties' depositions, each of the four apartments was a discrete unit, with its own kitchen, bath, gas meter, and parking accommodation. In addition, although Mr. and Mrs. Karavasidis had moved into one of the apartments, both admitted that they intended to rent the remaining units as soon as their renovations were completed. It therefore seems clear from the record that we are no longer dealing with two two-family houses but with a single four-family dwelling.

Even were the foregoing conclusion not ineluctable, the traditional rule of statutory construction requires that " 'all doubts should be resolved in favor of the general provision rather than the exception' " *(Van Amerogen v Donnini,* 78 NY2d 880, 882, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 213). Application of this principle to the facts at bar compels me to conclude that the defendant does not qualify for the exemption designed to relieve an unsophisticated owner-occupant of a one or two-family dwelling from strict liability under Labor Law § 240 (1) and § 241 *(see, e.g., Lombardi v Stout,* 80 NY2d 290, 296-297). At the very least, there are questions of fact as to whether the defendant's property remained two two-family houses, such that summary judgment should not be granted to the defendant.

Finally, even assuming that the structure might be regarded as qualifying for the exemption, I question whether the defendant should be allowed to escape liability here, where there is testimony that she actively "participated in the details of [the building's] construction", and where her hus-

band John, who co-owned the buildings with her by the entireties, exercised complete direction and control over the work *(see, e.g., Senken v Eklund,* 146 Misc 2d 811; *see also,* Mem of Law Revision Commn, Homeowners' Liability Exemptions, Jobsite Injuries, 1980 Legis Ann, at 266-267). While the majority complains that these arguments were not raised before the Supreme Court or on appeal, on a motion for summary judgment this Court can search the record and make its own determinations *(see, e.g., Davis v Shelton,* 33 AD2d 707).