■ Hector Mayen, Respondent, v Moshe Kalter et al., Appellants, and IDI Construction Company, Inc., Respondent. (And a Third-Party Action.) [722 NYS2d 760] —In an action to recover damages for personal injuries, the defendants Moshe Kalter and Frady Kalter appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered May 5, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellants.

In order for an owner of a one- or two-family residential dwelling to be subject to liability under Labor Law §§ 240 or 241, the plaintiff must prove that the owner "direct[ed] or control[led]" the work being performed (*see,* Labor Law §§ 240, 241; *Kelly v Bruno & Son,* 190 AD2d 777). The phrase "direct or control" is construed strictly and refers to the situation where the "owner supervises the method and manner of the work" (*Rimoldi v Schanzer,* 147 AD2d 541, 545; *see also, Duda*

*v Rouse Constr. Corp.,* 32 NY2d 405). The premise of the exemption is that strict liability under the Labor Law should not be imposed upon owners " 'who are not in a position to know about, or provide for the responsibilities of absolute liability' " (*Cannon v Putnam,* 76 NY2d 644, 649, quoting Recommendation of NY Law Rev Commn, reprinted in 1980 McKinney's Session Laws of NY, at 1658).

There is no evidence that the defendants Moshe and Frady Kalter had any role in supervising, directing, or controlling the plaintiff's work. Although those defendants occasionally expressed approval or disapproval of the work as it progressed and made certain general decisions, such actions "[were] no different than the type of control any homeowner has over work being done in his or her home" (*Schwartz v Foley,* 142 AD2d 635, 636).

The plaintiff's cause of action pursuant to Labor Law § 200 should also be dismissed since there is no evidence that the Kalter defendants exercised supervision and control over the work performed at the work site or had actual or constructive notice of the unsafe condition which allegedly caused the plaintiff's accident (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Lombardi v Stout,* 80 NY2d 290; *Seaman v Chance Co.,* 197 AD2d 612, 613). Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.