■ MARIETTA SMALL, Respondent, v JOSEPH GUTLEBER, JR., et al., Appellants. (And a Third-Party Action.) [751 NYS2d 49] —In an action to recover damages for personal injuries and wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated November 28, 2001, which granted the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff's decedent, who was employed by the third-party defendant, Bella Casa Roofing Corp., fell from the roof of a brownstone building owned by the defendants while performing roofing work. The plaintiff commenced this action to recover damages for personal injuries and wrongful death alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and the defendants cross-moved for summary judgment dismissing the complaint, contending that they could not be held liable because they were the owners of a two-family residence and did not direct, control, or supervise the decedent's work. The Supreme Court granted the plaintiff's motion and denied the cross motion. We reverse.

Owners of one- and two-family dwellings who do not direct or control the work being performed are statutorily exempt from liability under Labor Law § 240 (1) and § 241 (6). Although the defendants' building is classified as a multiple dwelling, the defendants occupy the entire space except for a portion of one floor which they rent to a tenant. The defendants contracted to have various work performed so that the building ultimately could be reclassified as a two-family dwelling. They retained the third-party defendant to, among other things, replace the roof on the building. There is no evidence that they exercised any supervision or control over the work.

Under these facts, the defendants are entitled to the benefit of the homeowners' exemption and the Supreme Court should have dismissed the causes of action asserted pursuant to Labor Law § 240 (1) and § 241 (6) (*see Bartoo v Buell,* 87 NY2d 362; *Khela v Neiger,* 85 NY2d 333; *Cannon v Putnam,* 76 NY2d 644, 646; *Milan v Goldman,* 254 AD2d 263, 264). Furthermore, because the defendants did not exercise any supervision or control over the work, they are not liable under the common law or Labor Law § 200 for failure to provide a reasonably safe place to work (*see Lombardi v Stout,* 80 NY2d 290, 294-295). Consequently, those causes of action should have been dismissed as well. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.