■ GLENN TILTON et al., Appellants, v TRUDE GOULD, Respondent, et al., Defendant. [756 NYS2d 757] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), entered January 4, 2002, which granted the motion of the defendant Trude Gould for summary judgment dismissing the complaint insofar as asserted against her and denied their cross motion for leave to amend the bill of particulars and to compel that defendant to comply with certain disclosure demands.

Ordered that the order is affirmed, with costs.

The defendant Trude Gould retained a property management company to manage the construction of her home. The plaintiff Glenn Tilton, an employee of the property management company, sustained injuries when he allegedly was struck in the head with a hammer dropped by employees of a masonry subcontractor. The plaintiffs commenced this action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court, inter alia, granted Gould's motion for summary judgment dismissing the complaint. We affirm.

An owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) or § 241 (6) only if he or she directed or controlled the work being performed (*see Duarte v East Hills Constr. Corp.,* 274 AD2d 493 [2000]; *Rodas v Weissberg,* 261 AD2d 465 [1999]). "The phrase 'direct or control' is construed strictly and refers to the situation where the 'owner

supervises the method and manner of the work' (*Rimoldi v Schanzer,* 147 AD2d 541, 545 [1989]; *see also Duda v Rouse Constr. Corp.,* 32 NY2d 405 [1973])" (*Mayen v Kalter,* 282 AD2d 508, 508-509 [2001]).

While the evidence indicates that Gould visited the site frequently, reviewed plans with the project manager, and made general decisions, there is no evidence that Gould supervised, directed, or controlled the work of the injured plaintiff or the masonry employees (*see Killian v Vesuvio,* 253 AD2d 480 [1998]; *see also Slettene v Ginsburg,* 257 AD2d 656 [1999]). Furthermore, there is no evidence that Gould provided tools, equipment, or safety devices to the workers at the site (*see Slettene v Ginsburg, supra; Killian v Vesuvio, supra; Spinillo v Strober Long Is. Bldg. Materials Ctrs.,* 192 AD2d 515 [1993]).

Likewise, there is no evidence to support the plaintiffs' contention that Gould is liable for common-law negligence or under Labor Law § 200 (*see Lombardi v Stout,* 80 NY2d 290 [1992]; *Mas v Kohen,* 283 AD2d 616 [2001]).

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.