■ JOSEPH DUNCAN, Respondent, et al., Plaintiff, v FRANCIS PERRY, Defendant, and BERNICE PERRY, Appellant. [762 NYS2d

275] —In an action to recover damages for personal injuries, etc., the defendant Bernice Perry appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 6, 2002, as denied those branches of her cross motion which were for summary judgment dismissing the first, second, and third causes of action of the plaintiff Joseph Duncan insofar as asserted against her based on, inter alia, common-law negligence, and Labor Law §§ 240 and 241.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the cross motion of the defendant Bernice Perry which were for summary judgment dismissing the first, second, and third causes of action of the plaintiff Joseph Duncan insofar as asserted against her are granted, and the first, second, and third causes of action are dismissed insofar as asserted by that plaintiff against the appellant.

An owner of a one- or two-family dwelling is subject to liability under Labor Law §§ 240 and 241 only if the owner directed or controlled the method or manner of the work being performed (*see Duarte v East Hills Constr. Corp.,* 274 AD2d 493 [2000]; *Rodas v Weissberg,* 261 AD2d 465 [1999]). Here, in response to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff Joseph Duncan failed to raise a triable issue of fact as to whether the appellant exercised direction or control over the method or manner of his work (*see Duarte v East Hills Constr. Corp., supra; see also Duda v Rouse Constr. Corp.,* 32 NY2d 405, 409 [1973]). Accordingly, those branches of the cross motion which were for summary judgment dismissing the causes of action of the plaintiff Joseph Duncan pursuant to Labor Law §§ 240 and 241 insofar as asserted against the appellant should have been granted (*see Claytor v Wilmot & Cassidy,* 44 AD2d 564 [1974], *affd* 34 NY2d 992 [1974]; *Miller v Trudeau,* 270 AD2d 683 [2000]).

The Supreme Court also erred in denying that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action of the plaintiff Joseph Duncan sounding in common-law negligence insofar as asserted against her. In response to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff Joseph Duncan failed to raise a triable issue of fact as to whether the appellant either exercised direction or control over the method or manner of his work or had notice of any defect in the ladder which was provided to him (*see Cuartas v Kourkoumelis,* 265

AD2d 293 [1999]; *Giambalvo v Chemical Bank,* 260 AD2d 432 [1999]). Accordingly, that branch of the cross motion which was for summary judgment dismissing the cause of action of the plaintiff Joseph Duncan sounding in common-law negligence insofar as asserted against the appellant should have been granted.

In light of our determination, we need not reach the parties' remaining contentions. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.