In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 15, 2002, as granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs’ contention, the Supreme Court properly exercised its discretion in allowing the defendant homeowners to serve an untimely motion for summary judgment (see Darby v Avis Rent A Car Sys., 289 AD2d 191 [2001]; Samuel v A.T.P. Dev. Corp., 276 AD2d 685, 686 [2000]; Goodman v Gudi, 264 AD2d 758 [1999]; Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778 [1998]).
It is well settled that an owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) and § 241 (6) only if he or she directed or controlled the work being performed (see Garcia v Petrakis, 306 AD2d 315 [2003]; Duarte v East Hills Constr. Corp., 274 AD2d 493, 494 [2000]; Lang v Havlicek, 272 AD2d 298 [2000]; Kolakowski v Feeney, 204 AD2d 693 [1994]). “The phrase direct or control is construed strictly and refers to the situation where the owner supervises the method and manner of the work” (Kolakowski v Feeney, supra at 693 [internal quotation marks omitted]). In this case, there is no evidence that the defendant homeowners directed or controlled the work being performed on their two-family house. Accordingly, the defendants were entitled to summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action.
Additionally, summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action was properly *428 granted. For an owner to be liable for common-law negligence or pursuant to Labor Law § 200, the plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition causing the accident (see Garcia v Petrakis, supra; Duarte v East Hills Constr. Corp., supra; Charles v City of New York, 227 AD2d 429, 430 [1996]). Upon the defendants’ prima facie showing that they did not supervise or control the injured plaintiffs work and that they had no actual or constructive notice of the alleged defect that caused his accident, the plaintiffs failed to raise a triable question of fact. Altman, J.E, Florio, Friedmann and Mastro, JJ., concur.