■ TREVOR MILLER et al., Appellants, v HARESH D. SHAH et al., Respondents. [770 NYS2d 739]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), entered November 21, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Trevor Miller (hereinafter the injured plaintiff)

allegedly was injured when he fell from a ladder while performing painting and repair work in the defendants' single-family residence. The injured plaintiff and his wife subsequently commenced this action against the defendant homeowners, seeking to recover damages, inter alia, for violations of Labor Law § 240 (1) and § 200, and common-law negligence. The defendants moved for summary judgment, arguing that they could not be held liable pursuant to Labor Law § 240 (1) because they are homeowners who did not direct or control the injured plaintiff's work, and that the Labor Law § 200 and the common-law negligence causes of action should be dismissed because they had no actual or constructive notice of the alleged unsafe condition which caused the accident. The Supreme Court granted the defendants' motion, and we affirm.

An owner of a one- or two-family dwelling is exempt from liability under Labor Law § 240 (1) unless he or she directed or controlled the work being performed (*see Duncan v Perry,* 307 AD2d 249 [2003]; *Tilton v Gould,* 303 AD2d 491 [2003]; *Duarte v East Hills Constr. Corp.,* 274 AD2d 493 [2000]; *Rodas v Weissberg,* 261 AD2d 465 [1999]). This exemption is construed very strictly in favor of homeowners because they generally do not have the business sophistication to obtain the insurance required to protect them from the absolute liability imposed by the statute (*see Lombardi v Stout,* 80 NY2d 290 [1992]; *Angelucci v Sands,* 297 AD2d 764 [2002]; *Duarte v East Hills Constr. Corp., supra*). Thus, the phrase "direct or control" is also "construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*Garcia v Petrakis,* 306 AD2d 315, 316 [2003] [internal quotation marks omitted]; *see Kolakowski v Feeney,* 204 AD2d 693 [1994]). In response to the defendants' prima facie showing that they were entitled to the protection of the homeowners' exemption as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the defendants exercised the requisite degree of direction or control necessary for the imposition of liability (*see Duncan v Perry, supra; Decavallas v Pappantoniou,* 300 AD2d 617 [2002]; *Facteau v Allen,* 293 AD2d 847 [2002]; *Duarte v East Hills Constr. Corp., supra*). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the Labor Law § 240 (1) cause of action.

Furthermore, for an owner to be held liable pursuant to Labor Law § 200 or for common-law negligence, a plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition which caused the accident (*see Garcia v Petrakis, supra; Decavallas v Pap-*

*pantoniou, supra; Cuartas v Kourkoumelis,* 265 AD2d 293 [1999]). Since there are no issues of fact as to whether the defendants exercised control over the injured plaintiff's work, or had knowledge of any unsafe condition, the Labor Law § 200 and common-law negligence causes of action were properly dismissed. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.