Burke v Andreassen & Bulgin Constr., Inc. (2004 NY Slip Op 50595(U))

[*1]

Burke v Andreassen & Bulgin Constr., Inc.

2004 NY Slip Op 50595(U)

Decided on March 19, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2004

Supreme Court, Suffolk County
STEVEN BURKE, Plaintiff,
against
ANDREASSEN and BULGIN CONSTRUCTION, INC., KURT ANDREASSEN, Individually, and EDWARD J. MINSKOFF, Defendants.
99-03999

JOHN RAY and ASSOCIATES, Attorneys for the Plaintiff, 122 North Country Road, Box 5440, Miller Place, New York 11764-1117. EPSTEIN, HILL, GRAMMATICO & GANN, Atty for Defts Andreassen & Bulgin Constr., 1393 Veterans Memorial Highway, Suite 414, Hauppauge, New York 11788. PEREZ, FUREY & VARVARO, ESQS., Attorneys for Deft Edward J. Minskoff, 333 Earle Ovington Blvd., Uniondale, New York 11533-3644

Arthur G. Pitts, J.
ORDERED that this motion by defendant Edward J. Minskoff for an order pursuant to CPLR 3212 granting him summary judgment dismissing plaintiff's complaint is granted.
Plaintiff commenced this action to recover damages, pursuant to Labor Law §200, §240 [*2](1), §241-1, and §241(6), for injuries he allegedly sustained in a fall at the home of defendant Edward J. Minskoff on December 9, 1996. At the time of the accident the single family home was being constructed for Minskoff on his property on Duck Pond Lane, Southampton. Defendant Andreassen and Bulgin Construction, Inc. was the general contractor who hired the subcontractors, including plaintiff's employer, the plumbing subcontractor. Although Minskoff is a commercial real estate developer, the undisputed evidence established that the subject house was built for his personal use, and that he visited the construction site once every two or three months to check on its progress. The only subcontractor hired by Minskoff's representative was one for audio/visual equipment, not relevant here. Plaintiff testified at his examination before trial that at the time of his accident he was descending steps to the basement and that, as he reached the second to last step, a protective covering slipped out, causing him to fall forward, and resulting in the subject injuries. The steps were covered with a protective board called holsite or homasote, which is material generally used to protect wooden stairs during the construction process. Plaintiff testified that the protective board is normally nailed or stapled down toward the back of the each step but that the protective board on these steps was not secured. Plaintiff also testified that he did not know who Mr. Minskoff was and that the only person who directed his work at the home was his own boss.
It is well settled that an owner of a one or two family dwelling is subject to liability under Labor Law § 240 (1) or § 241 (6) only if he directed or controlled the work being performed (see, Duarte v East Hills Constr. Corp., 274 AD2d 493, 711 NYS2d 182 [2000]; Rodas v Weissberg, 261 AD2d 465, 690 N.Y.S.2d 116 [1999]). The phrase "direct or control" is construed strictly and refers to the situation where the "owner supervises the method and manner of the work" (Rimoldi v Schanzer, 147 AD2d 541, 545, 537 NYS2d 839 [1989]; see also, Duda v Rouse Constr. Corp., 32 NY2d 405, 345 NYS2d 524 [1973]; Mayen v Kalter, 282 AD2d 508, 508-509, 722 NYS2d 760 [2001]). Here, the undisputed facts establish that the owner visited the work site only once every two or three months, that plaintiff did not know him, and that the plaintiff's own boss was the only person who directed or controlled his work. Therefore, defendant established that he is entitled to the exemption (see, Lombardi v Stout, 80 NY2d 290, 590 NYS2d 55 [1992]) and plaintiff failed to refute this with any evidence sufficient to require a trial of a material issue of fact (Zuckerman v City of New York, 49 NY2d 557, 427 NYS2d 595 [1980]).
Labor Law §200, codifies the common-law duty of an owner or employer to provide employees a safe place to work (see, Jock v Fien, 80 NY2d 965, 590 NYS2d 878 [1992]). It applies to owners, contractors, or their agents (see, Russin v Picciano & Son, 54 NY2d 311, 445 NYS2d 127, [1981]), who exercise control or supervision over the work, and either created the allegedly dangerous condition or had actual or constructive notice of it (see, Lombardi v Stout, 80 NY2d 290, 294-295, 590 NYS2d 55 [1992]; Yong Ju Kim v Herbert Construction Co., 275 AD2d 709, 713 NYS2d 190 [2000]). Here, the moving homeowner established that he exercised no supervision or control over the work and that he did not create, or have actual or constructive notice of the alleged dangerous condition (see, Tkach v City of New York, 278 AD2d 227, 717 NYS2d 290 [2000]; Maggi v Innovax Methods Group, 250 AD2d 576, 672 NYS2d 404 [1998] appl denied 92 NYS2d 819, 685 NYS2d 421 [1999]) and plaintiff has failed to refute this with [*3]any evidence to the contrary (see, Piccolo v DeCarlo, 90 AD2d 609, 456 NYS2d 171 [1982]; Holtz v Niagara Mohawk Power Corp., 147 AD2d 857, 538 NYS2d 80 [1989]). The Court finds that there is no evidence to support plaintiff's contention that Minskoff is liable under Labor Law §200 or under common-law negligence (Tilton v Gould, 303 AD2d 491, 756 NYS2d 757 [2003]).
Accordingly, the motion for summary judgment is granted and the complaint as against Edward J. Minskoff is dismissed. The remaining causes of action are severed and shall continue.
Dated: March 19, 2004
_________________________________
 J.S.C.