■ JUDITH WRIGHT, Appellant, v KIRK BEDEVIAN et al., Respondents, et al., Defendants. [775 NYS2d 277]—

Order, Supreme Court, Bronx County (Gerald V. Esposito, J.), entered on or about October 30, 2002, which granted the motion by the Bedevian defendants for summary judgment dismissing the complaint as against them, while denying plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The Bedevians purchased a one-family residence, and hired a contractor for renovation and interior painting before moving in. They also hired plaintiff to come in for a day to clean up the kitchen. During the course of those chores, plaintiff decided to remove an upper shelf to wash it. Neither of the homeowners was present, but there was a painter working at the time, so she asked to borrow one of his ladders. The painter set up a six-foot aluminum A-frame ladder for her, but as soon as she began to climb, it collapsed, resulting in injury.

The exemption in Labor Law § 240 (1) and § 241 (6) for "owners of one[-] and two-family dwellings who contract for but do not direct or control the work" precludes these statutory claims because the Bedevians indisputably acquired the house for residential purposes, and there is no evidence that they either directed or controlled the manner in which plaintiff performed her cleaning tasks. Indeed, their absence at the time of the accident negates, in the circumstances, the element of direction and control, which is construed as referring strictly to an owner's actual supervision over the method and manner of the work being performed (*Saverino v Reiter*, 1 AD3d 427 [2003]). In any event, it is well settled that the "cleaning" encompassed in section 240 (1) does not include the routine, domestic housecleaning involved here (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 451 [2002]; *Brown v Christopher St. Owners Corp.*, 87 NY2d 938 [1996]).

The same requirement for supervision and control applies to the common-law claims. Moreover, there is no evidence that construction debris purportedly left on the kitchen floor was a proximate cause of plaintiff's fall from the ladder, or that the Bedevians had any notice of a dangerous condition in their kitchen, thereby precluding a claim for common-law negligence or liability under Labor Law § 200 (*Lombardi v Stout*, 80 NY2d 290 [1992]; *Sheehan v Gong*, 2 AD3d 166, 170 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Sullivan and Gonzalez, JJ.