■ Antonio Siconolfi et al., Appellants, v Louis Crisci, Respondent, et al., Defendant. [783 NYS2d 627]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 21, 2003, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Louis Crisci.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Louis Crisci (hereinafter the defendant) retained the plaintiff Antonio Siconolfi (hereinafter the plaintiff) to construct a roof on, and install windows in, the garage of his one-family home. The plaintiff allegedly sustained injuries when the plank of the scaffold on which he was working broke. It is undisputed that the defendant neither performed any work on the roof nor assisted in the construction of the scaffold.

An owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) or § 241 (6) only if he or she directed or controlled the work being performed (*see Duarte v East Hills Constr. Corp.,* 274 AD2d 493 [2000]; *Rodas v Weissberg,* 261 AD2d 465 [1999]). "The phrase 'direct or control' is construed strictly and refers to the situation where the 'owner supervises the method and manner of the work' " (*Mayen v Kalter,* 282 AD2d 508, 508-509 [2001], quoting *Rimoldi v Schanzer,* 147 AD2d 541, 545 [1989]; *see Duda v Rouse Constr. Corp.,* 32 NY2d 405 [1973]). While the evidence indicated that the defendant lived at the site and made general decisions, there was no evidence that he supervised, directed, or controlled the work of the plaintiff or his employees (*see Killian v Vesuvio,* 253 AD2d 480 [1998]; *see also Slettene v Ginsburg,* 257 AD2d 656 [1999]). Furthermore, the defendant merely paid for or furnished the materials requested by the plaintiff to be used in the construction process (*cf. Slettene v Ginsburg, supra*).

Likewise, there was no evidence to support the plaintiffs' contention that the defendant is liable for common-law negligence or a violation of Labor Law § 200 (*see Lombardi v Stout,* 80 NY2d 290 [1992]; *Mas v Kohen,* 283 AD2d 616 [2001]). Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.