■ MICHAEL MCGLONE et al., Appellants, v JAMES JOHNSON et al., Respondents. [810 NYS2d 915]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated April 21, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, their cross motion to amend the caption.

Ordered that the order is affirmed, with costs.

An owner of a one- or two-family dwelling is exempt from liability under Labor Law §§ 240 and 241 unless he or she directed or controlled the work being performed (*see Siconolfi v Crisci,* 11 AD3d 600 [2004]; *Miller v Shah,* 3 AD3d 521 [2004]; *Saverino v Reiter,* 1 AD3d 427 [2003]; *Tilton v Gould,* 303 AD2d 491 [2003]). The phrase "direct or control" as used in those statutes "is construed strictly and refers to the situation where the 'owner supervises the method and manner of the work' " (*Siconolfi v Crisci, supra* at 601, quoting *Rimoldi v Schanzer,* 147 AD2d 541, 545 [1989]; *see Saverino v Reiter, supra; Tilton v Gould, supra*). Contrary to the plaintiffs' contention, the defendants made a prima facie showing that they were entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that they did not exercise supervision and control over the manner and method of the construction work being performed by the injured plaintiff (*see Siconolfi v Crisci, supra; Tilton v Gould, supra; Angelucci v Sands,* 297 AD2d 764 [2002]; *Lang v Havlicek,* 272 AD2d 298 [2000]). The evidence submitted by the plaintiffs in opposition to the motion was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

Furthermore, the court also properly granted that branch of the defendants' motion which was for summary judgment dismissing causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendants made a prima facie showing that they were entitled to dismissal of these causes of actions by demonstrating that they neither controlled or supervised the injured plaintiff's work nor had actual or constructive notice of the allegedly unsafe condition that caused the accident (*see Miller v Shah, supra*; *Cardace v Fanuzzi*, 2 AD3d 557 [2003]; *Saverino v Reiter, supra*; *Garcia v Petrakis*, 306 AD2d 315 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

In light of the foregoing, we need not consider the plaintiffs' remaining contention. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.