■ ROBERT MALEY, Respondent, v STEVEN GRAPSTEIN et al., Appellants, et al., Defendants. [814 NYS2d 716]—

In a consolidated action to recover damages for personal injuries, the defendants Steven Grapstein and Barbara Grapstein appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated May 26, 2005, as denied that branch of their motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Steven Grapstein and Barbara Grapstein which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against them is granted, and that cause of action is dismissed insofar as asserted against those defendants.

The plaintiff, an employee of a plumbing contractor, allegedly was injured as a result of a fall while making improvements in the second floor bathroom of the residence owned by the appellants. As the owners of the one-family dwelling in which the incident allegedly occurred, the appellants may be held liable pursuant to Labor Law § 241 (6) only if they directed or controlled the work being performed (*see Siconolfi v Crisci,* 11 AD3d 600, 601 [2004]; *Cardace v Fanuzzi,* 2 AD3d 557, 558 [2003]; *Saverino v Reiter,* 1 AD3d 427 [2003]). The appellants established their prima facie entitlement to judgment as a matter of law in this regard by demonstrating that they did not supervise the method or the manner in which the work was

performed (see *Siconolfi v Crisci, supra* at 601; *Mayen v Kalter*, 282 AD2d 508, 508-509 [2001]; cf. *Rimoldi v Schanzer*, 147 AD2d 541, 545 [1989]). In opposition, the plaintiff submitted no evidence that the appellants directed or controlled the work being performed. Therefore, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against them. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.