■ Francisco Garay Torres, Respondent, v Norman Levy, Appellant, and L.A.M. General Contracting Corp. et al., Respondents. [821 NYS2d 127]—

In an action to recover damages for personal injuries, the defendant Norman Levy appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 8, 2004, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

"An owner of a one- or two-family dwelling is exempt from li-

ability under Labor Law §§ 240 and 241 unless he or she directed or controlled the work being performed" (*McGlone v Johnson,* 27 AD3d 702 [2006]; *see Siconolfi v Crisci,* 11 AD3d 600, 601 [2004]; *Miller v Shah,* 3 AD3d 521, 522 [2004]; *Saverino v Reiter,* 1 AD3d 427, 427 [2003]; *Tilton v Gould,* 303 AD2d 491, 491 [2003]). "The phrase 'direct or control' as used in those statutes 'is construed strictly and refers to the situation where the owner supervises the method and manner of the work' " (*McGlone v Johnson, supra* at 702, quoting *Siconolfi v Crisci, supra* at 601; *see Saverino v Reiter, supra* at 427; *Tilton v Gould, supra* at 491-492; *Rimoldi v Schanzer,* 147 AD2d 541, 545 [1989]; *see also Rodas v Weissberg,* 261 AD2d 465, 466 [1999]). The appellant made a prima facie showing that he was entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that neither he nor his wife directed or controlled the manner and method of the construction work being performed (*see McGlone v Johnson, supra; Siconolfi v Crisci, supra* at 601; *Miller v Shah, supra* at 522; *Saverino v Reiter, supra* at 427; *Tilton v Gould, supra* at 492). It is undisputed that the appellant personally did not direct or control the work being performed. The evidence submitted by the appellant established that his wife's involvement in the project was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate or construct an addition onto his or her house (*see Decavallas v Pappantoniou,* 300 AD2d 617, 618 [2002]; *Mayen v Kalter,* 282 AD2d 508, 509 [2001]; *Mandelos v Karavasidis,* 213 AD2d 518, 519-520 [1995]; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515, 516 [1993]; *see also Siconolfi v Crisci, supra* at 601; *Tilton v Gould, supra* at 492; *Jacobsen v Grossman,* 206 AD2d 405, 406 [1994]). The evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact. Accordingly, contrary to the Supreme Court's determination, the appellant was entitled to summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action.

The appellant was also entitled to summary judgment dismissing the common-law and Labor Law § 200 causes of action. "Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees a safe work place" (*Molyneaux v City of New York,* 28 AD3d 438, 439 [2006], *lv denied* 7 NY3d 705 [2006]; *see Locicero v Princeton Restoration, Inc.,* 25 AD3d 664, 665-666 [2006]). "For an owner to be held liable for common-law negligence or pursuant to Labor Law § 200, a plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition causing the accident" (*Acosta v Hadjigavriel,* 18 AD3d 406,

407 [2005]). "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *see Toefer v Long Is. R.R.,* 308 AD2d 579, 581 [2003], *affd* 4 NY3d 399 [2005]). The appellant made a prima facie showing of entitlement to summary judgment by submitting evidence demonstrating that the alleged dangerous condition arose from the contractor's methods, and that neither he nor his wife exercised supervisory control over the operation (*see Lombardi v Stout, supra* at 295; *Toefer v Long Is. R.R., supra* at 581). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the appellant was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

In light of our determination, we need not reach the appellant's remaining contention. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.