■ JERICO JUMAWAN, Respondent, v JACK SCHNITT et al., Appellants. (And a Third-Party Action.) [825 NYS2d 728]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Brennan, J.), entered November 28, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

"An owner of a one- or two-family dwelling is exempt from liability under Labor Law §§ 240 and 241 unless he or she directed or controlled the work being performed" (*McGlone v Johnson,* 27 AD3d 702, 702 [2006]; *see Siconolfi v Crisci,* 11 AD3d 600, 601 [2004]; *Miller v Shah,* 3 AD3d 521, 522 [2004]; *Saverino v Reiter,* 1 AD3d 427 [2003]; *Tilton v Gould,* 303 AD2d 491 [2003]; *Decavallas v Pappantoniou,* 300 AD2d 617 [2002]). "The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*McGlone v Johnson, supra* at 702 [citations and internal quotation marks omitted]), or where the owner supervises the method and manner of work, can order changes in the specifications, reviews the progress and details of the job with the general contractor, and/or provides the equipment necessary to perform the work (*see Saverino v Reiter, supra* at 427; *Tilton v Gould, supra* at 491; *Rimoldi v Schanzer,* 147 AD2d 541, 545 [1989]; *see also Rodas v Weissberg,* 261 AD2d 465, 466 [1999]; *Killian v Vesuvio,* 253 AD2d 480 [1998]). Here, the defendants demonstrated their entitlement to judgment as a matter of law by establishing that they were entitled to the protection of the homeowner's exemption because they had no role in directing or controlling the work being performed at their residence.

The extent of the defendant Jack Schnitt's supervision of the work as established by the evidence shows that he did not direct

or control the work performed within the meaning of Labor Law §§ 240 and 241. His involvement was merely a retention of "the limited power of general supervision" (*Decavallas v Pappantoniou, supra* at 618), and was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate or construct an addition to his or her house and wanted certain actions taken to prevent water damage from an approaching storm (*see Decavallas v Pappantoniou, supra* at 618; *Mayen v Kalter*, 282 AD2d 508, 509 [2001]; *Spinillo v Strober Long Is. Bldg. Material Ctrs.*, 192 AD2d 515 [1993]). There was no evidence that Jack Schnitt instructed the plaintiff or any workers as to how to perform their work or provided or suggested that any particular tools, materials, or safety devices be used (*see Tilton v Gould, supra* at 492; *Jacobsen v Grossman*, 206 AD2d 405, 406 [1994]; *Spinillo v Strober Long Is. Bldg. Material Ctrs.*, 192 AD2d 515, 516 [1993]).

The defendants also demonstrated that the defendant Geraldine Schnitt had no role in directing or controlling the work being performed.

In opposition, the plaintiff failed to raise an issue of fact as to whether Jack Schnitt's involvement extended beyond incidental interactions with the workers during the renovation of his home, or whether Geraldine Schnitt had any role in directing or controlling the work being performed (*see Torres v Levy*, 32 AD3d 845 [2006]; *Maley v Grapstein*, 29 AD3d 648 [2006]; *Decavallas v Pappanatoniou*, 300 AD2d 617 [2002]; *Mandelos v Karavasidis*, 213 AD2d 518 [1995], *mod* 86 NY2d 767 [1995]; *Pesa v Ginsberg*, 186 AD2d 521 [1992]). Accordingly, the defendants' motion for summary judgment should have been granted. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.