■ CARLOS RAMIREZ, Appellant, v ROTHNA BEGUM et al., Respondents. (And a Third-Party Action.) [829 NYS2d 117]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 14, 2005, as denied his cross motion for partial summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1) and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 3, 2002 the plaintiff, who was employed by the third-party defendant Luis Valdez, doing business as Anton Roofing Construction, allegedly fell and sustained injuries when he was removing the siding from the second floor of a two-family dwelling owned by the defendants.

Owners of a one- or two-family dwelling are exempt from liability under Labor Law §§ 240 and 241 unless they directed or controlled the work being performed (*see Skiver v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644, 649-650 [1990]; *Siconolfi v Crisci*, 11 AD3d 600, 601 [2004]; *Miller v Shah*, 3 AD3d 521, 522 [2004]; *Saverino v Reiter*, 1 AD3d 427 [2003]; *Tilton v Gould*, 303 AD2d 491, 491-492 [2003]). The defendants made a prima facie showing that they were entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that they neither directed nor controlled the work being performed. Use of a portion of a homeowners's premises for commercial purposes—as here, where part of the two-family dwelling was rented—does not automatically cause the homeowner to lose the protection of the exemption under this statute (*see Small v Gutleber*, 299 AD2d

536 [2002]). Rather, the exemption depends upon the site and purpose of the work (*see Skiver v Buell, supra* at 367-368; *Khela v Neiger,* 85 NY2d 333, 337-338 [1995]; *Cannon v Putnam, supra* at 650; *Stejskal v Simons,* 309 AD2d 853, 855 [2003]). Here, the replacement of the siding of the exterior of the house "directly relate[d] to the residential use of the home" (*Skiver v Buell, supra* at 368) since the defendants reside in the two-family dwelling (*see Skiver v Buell, supra* at 367-368; *Khela v Neiger, supra* at 337-338; *Cannon v Putnam, supra* at 650). Thus, the defendants established their prima facie showing that they were entitled to the protection of the homeowners' exemption as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants exercised the degree of direction or control necessary for the imposition of liability (*see Miller v Shah, supra* at 522; *Saverino v Reiter, supra* at 428; *Duncan v Perry,* 307 AD2d 249, 250 [2003]; *Decavallas v Pappantoniou,* 300 AD2d 617 [2002]). Accordingly, the Supreme Court properly granted the defendants' cross motion to dismiss the complaint and denied the plaintiff's cross motion for partial summary judgment in the issue of liability on his cause of action to recover damages pursuant to Labor Law § 240 (1).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Rivera, Spolzino and Skelos, JJ., concur.