■ JOSEPH ROACH, Appellant, v ROBERTO N. HERNANDEZ, Respondent. [833 NYS2d 525]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 6, 2005, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that he was entitled to the benefit of the exemption from liability under Labor Law §§ 240 and 241 for owners of one- or two-family dwellings who contract for but do not direct or control the work (*see Ramirez v Begum*, 35 AD3d 578 [2006]; *Small v Gutleber*, 299 AD2d 536, 537 [2002]; *Moran v Janowski*, 276 AD2d 605, 606 [2000]; *Milan v Goldman*, 254 AD2d 263, 264 [1998]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the dwelling qualified as a one- or two-family dwelling, whether the site and purpose of the work was primarily residential or commercial (*see Bartoo v Buell*, 87 NY2d 362, 369 [1996]; *Khela v Neiger*, 85 NY2d 333 [1995]; *Ramirez v Begum, supra; Small v Gutleber, supra* at 536), and whether the defendant directed or controlled the work (*see McGlone v Johnson*, 27 AD3d 702 [2006]; *Siconolfi v Crisci*, 11 AD3d 600, 601 [2004]; *Garcia v Petrakis*, 306 AD2d 315, 316 [2003]; *Tilton v Gould*, 303 AD2d 491, 492 [2003]; *Lang v Havlicek*, 272 AD2d 298 [2000]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241, and denied the plaintiff's cross motion for summary judgment.

In addition, since the plaintiff failed to raise a triable issue of fact as to whether the defendant directed or controlled the work, and whether the accident was caused by an unsafe condition on the property of which the defendant had notice or which he caused, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and common-law negligence (*see McGlone v Johnson, supra* at 703; *Garcia v Petrakis, supra* at 316; *Richichi v Construction Mgt. Tech.*, 244 AD2d 540, 541 [1997]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.