In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated January 30, 2007, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
An owner of a one- or two-family dwelling is exempt from liability under Labor Law §§ 240 and 241 unless he or she directed or controlled the work being performed (see Roach v Hernandez, 38 AD3d 743, 744 [2007]; Ramirez v Begum, 35 AD3d 578 [2006]; Small v Gutleber, 299 AD2d 536, 537 [2002]). The phrase “direct or control” as used in those statutes “is construed strictly and refers to the situation where the owner supervises the method and manner of the work” (McGlone v Johnson, 27 AD3d 702, 702 [2006] [internal quotation marks omitted]; see Siconolfi v Crisci, 11 AD3d 600, 601 [2004]; Garcia v Petrakis, 306 AD2d 315, 316 [2003]). Contrary to the plaintiffs contention, the defendant made a prima facie showing that she was entitled to the protection of the homeowner’s exemption by submitting evidence demonstrating that she did not exercise supervision and control over the manner and method of the work being performed by the plaintiff (see McGlone v Johnson, 27 AD3d 702 [2006]; Siconolfi v Crisci, 11 AD3d 600, 601 [2004]; Garcia v Petrakis, 306 AD2d 315, 316 [2003]; Putnam v Karaco Indus. Corp., 253 AD2d 457, 459 [1998]). The evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court *743 properly granted that branch of the defendant’s motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).
Furthermore, the court also properly granted that branch of the defendant’s motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendant made a prima facie showing that she was entitled to dismissal of these causes of action by demonstrating that she did not have actual or constructive notice of the allegedly unsafe premises condition which caused the accident (see Chowdhury v Rodriguez, 57 AD3d 121 [2008]; Azad v 270 5th Realty Corp., 46 AD3d 728, 730 [2007]; Keating v Nanuet Bd. of Educ., 40 AD3d 706, 708 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. Spolzino, J.P, Santucci, Eng and Leventhal, JJ., concur.