■ GERMAN PACHECO, Respondent, v HALSTEAD COMMUNICATIONS, LTD., et al., Defendants, and MICHAEL MARTHALER et al., Appellants. [935 NYS2d 595]—

The defendants Michael Marthaler and Debra Marthaler (hereinafter together the appellants), are the owners of real property, improved by a single-family home, located in Mohegan Lake. On November 28, 2007, the plaintiff, an employee of the defendants Halstead Communications, Ltd. (hereinafter Halstead), and Mobilpro Installation Services, LLC (hereinafter Mobilpro), fell from a ladder while installing a satellite dish on the appellants' home. He commenced this action alleging, inter alia, violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. The Supreme Court denied, as premature, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

The appellants made a prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them by demonstrating that they were the owners of a one- or two-family dwelling who contracted for but did not direct or control the work that allegedly caused the plaintiff's injuries (*see* Labor Law § 240 [1]; § 241 [6]; *Gittins v Barbaria Constr. Corp.*, 74 AD3d 744 [2010]; *Parnell v Mareddy*, 69 AD3d 915 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellants directed or controlled the work (*see Duncan v Perry*, 307 AD2d 249, 250 [2003]). Furthermore, in opposition to the appellants' showing, the plaintiff failed to raise a triable issue of fact as to whether the appellants' dwelling was not a one- or two-family dwelling or that it was used for a commercial purpose (*see Ramirez v Begum*, 35 AD3d 578, 578-579 [2006]; *Small v Gutleber*, 299 AD2d 536, 537 [2002]).

The appellants also made a prima facie showing of their entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action by demonstrating that they did not have authority to exercise supervisory control over the plaintiff (*see Chowdhury v Rodriguez*, 57 AD3d 121 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Ortega v Puccia*, 57 AD3d 54, 62-63 [2008]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851 [2006]).

Moreover, there was no reason to delay the determination of the motion pending completion of discovery since the plaintiff failed to demonstrate that such discovery was necessary to oppose the motion or that facts essential to justify opposition to

the motion were exclusively within the knowledge and control of the appellants (*see Espada v City of New York*, 74 AD3d 1276 [2010]; *Hill v Ackall*, 71 AD3d 829 [2010]; *Boadnaraine v City of New York*, 68 AD3d 1032 [2009]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (*see Pina v Merolla*, 34 AD3d 663 [2006]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Skelos, J.P., Hall, Lott and Cohen, JJ., concur.