Manfredo v Marvin & Mario Constr., Inc. (2023 NY Slip Op 02306)

Manfredo v Marvin & Mario Constr., Inc.

2023 NY Slip Op 02306

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-01140
 (Index No. 611176/19)

[*1]Andrew Manfredo, appellant, 
v
Marvin & Mario Construction, Inc., defendant, Franklin Alvarado, et al., respondents (and a third-party action).

Grey & Grey, LLP, Farmingdale, NY (Sherman B. Kerner of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Lisa M. Rolle of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated December 16, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Franklin Alvarado and Gloria Alvarado which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while working on a construction project on property owned by the defendants Franklin Alvarado and Gloria Alvarado (hereinafter together the defendants). The plaintiff commenced this action against the defendants, among others, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, arguing, inter alia, that they could not be held liable for violations of Labor Law §§ 240(1) and 241(6) due to the exemption set forth in those statutes for owners of one- and two-family dwellings. In an order dated December 16, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them. The plaintiff appeals.
"Owners of a one- or two-family dwelling are exempt from liability under Labor Law §§ 240 and 241 unless they directed or controlled the work being performed" (Ramirez v Begum, 35 AD3d 578, 578; see Labor Law §§ 240[1]; 241[6]). This homeowner exemption does not apply to property owners who "use their one or two-family premises entirely and solely for commercial purposes" (Van Amerogen v Donnini, 78 NY2d 880, 882). Nonetheless, the homeowner exemption is applicable "when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose" (Bartoo v Buell, 87 NY2d 362, 368; see Cannon v Putnam, 76 NY2d 644, 650).
Contrary to the plaintiff's contention, the defendants' submissions in support of their motion for summary judgment were sufficient to establish, prima facie, that their use of the subject property was entirely for residential purposes. In any event, those submissions further demonstrated, prima facie, that the construction work being performed by the plaintiff at the time of the subject accident directly related to the residential use of the property. In response to these showings, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court