OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 By this appeal we are asked to determine whether the exemption specified in Labor Law § 241 for owners of one- and two-family dwellings applies to section 241-a (which has no express exemption), and we are asked to determine this legal question in a case where a three-family dwelling was being converted to a two-family dwelling. We conclude that the owner is entitled to the exemption.
 

 Defendant Aaron Neiger purchased a three-story building in Brooklyn containing three apartments, one on each floor, which was covered by a multiple dwelling certificate of occupancy. Before moving in, Neiger obtained approval for alteration of the building and contracted with A.T.G. Construction to convert the building to a two-family dwelling including construction of a three-story wing on vacant property adjacent
 
 *336
 
 to the building. A.T.G. was obligated, once the construction was complete, to obtain a new certificate of occupancy. Neiger planned to reside with his family on the two upper floors while renting the ground floor to a tenant.
 

 Plaintiff Basem Khela, employed by A.T.G., was working on the third floor of the newly constructed wing near an open area where stairwells were to be added. A plank covered the open stairwell area on the third floor, but there was no covering for that area on the second floor. When Khela walked across the plank on the third floor, it broke and he fell through the second floor, where there was no planking, to the first floor, sustaining serious injuries.
 

 Khela and his wife sought damages against Neiger, and Neiger filed a third-party complaint against A.T.G. After the trial court determined that the building was a two-family dwelling, defendant moved to dismiss plaintiffs’ Labor Law claims. The trial court granted defendant’s motion, reading the homeowner’s exemption into section 241-a, but the Appellate Division reversed and granted plaintiffs’ cross motion for partial summary judgment on the issue of liability under Labor Law § 241-a. Plaintiffs thereafter obtained a judgment against defendant, who in turn obtained a judgment over against third-party defendant A.T.G. A.T.G appeals. We now reverse.
 

 Labor Law § 241 requires that "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work” comply with certain safety standards when constructing or demolishing buildings. Section 241-a, directly applicable to the facts presented, in its entirety reads as follows: "Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board.”
 

 For the following reasons, we agree with Neiger that the homeowner’s exemption specified in Labor Law § 241 should be read into section 241-a.
 

 First, as a matter of statutory interpretation, sections relating to the same subject matter are deemed to be in para materia and "construed together as though forming part of the same statute” (McKinney’s Cons Laws of NY, Book 1,
 
 *337
 
 Statutes § 221 [a], [b]). Labor Law §§ 241 and 241-a, similar in purpose, are both part of the statutory scheme addressing "Building Construction, Demolition and Repair Work.”
 

 This principle of statutory construction has particular relevance in the present case because section 241-a, as it is worded, must be read in conjunction with section 241. Section 241-a sets out only a general safety standard, without naming the persons governed by that standard. Reference must be made to section 241 in order to determine that the standard applies to all "contractors and owners and their agents.” If the persons to whom the standard applies must be borrowed from section 241, why not also the exemption that immediately follows those words?
 

 Second, that reading is supported by the rationale of the homeowner’s exemption. The exemption was added by amendment to section 241 in 1980 because it "is unrealistic to expect the owner of a one or two family dwelling to realize, understand and insure against the responsibility” that section imposes (Mem of NY Law Rev Commn, Bill Jacket, L 1980, ch 670, reprinted in 1980 McKinney’s Session Laws of NY, at 1657, citing
 
 Haimes v New York Tel. Co.,
 
 46 NY2d 132, 138). The intention was to make the law fairer and more reflective of the practical realities
 
 (see, Cannon v Putnam,
 
 76 NY2d 644, 649 [tracing history of the exemption, beginning with
 
 Allen v Cloutier Constr. Corp.,
 
 44 NY2d 290, 297-300]).
 

 That rationale applies with equal force to section 241-a. Indeed, because section 241-a does not in the first instance specify the persons to whom the standard applies, it could not have been amended — as section 241 was — explicitly to add the same exemption.
 

 Having concluded that the exemption should be read into section 241-a, we next determine whether this particular homeowner can claim its benefit.
 

 The determination whether the exemption is available to an owner in a particular case turns on the site and purpose of the work
 
 (Cannon v Putnam,
 
 76 NY2d, at 650). In formulating this test, the Court was mindful of the "underlying notions of reasonableness and fairness that motivated the Legislature’s adoption of the dwelling-owner exemption.”
 
 (Id.)
 
 In
 
 Cannon,
 
 for example, although the property was in part used for commercial purposes, the site and purpose of the outdoor lighting fixture installation was solely connected with the owner’s residential use of the property. That home-improve
 
 *338
 
 ment project was not intended to benefit the commercial usage of the property and thus qualified for the exemption.
 

 Here too the site and purpose of the construction was solely connected with remodeling the building into a residential and single tenant space, not creating or enhancing a commercial usage. Thus, Neiger was entitled to the benefit of the exemption.
 

 As A.T.G. did not move for summary judgment at Supreme Court, this Court is not empowered to now grant it that relief
 
 (see, Merritt Hill Vineyards v Windy Hgts. Vineyard,
 
 61 NY2d 106). The case must therefore be remitted to Supreme Court for such further proceedings as may be appropriate.
 

 Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be reversed, with costs, and the case remitted to Supreme Court, Kings County, for further proceedings in accordance with this opinion.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.