OPINION OF THE COURT
Smith, J.
The primary issue before this Court is whether a prospective juror was disqualified by reason of prior service when he appeared for jury service within the previous four years but never sat as a juror in a case.
Defendant Orville P. Wynter was charged with two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). During jury voir dire, the court indicated that a prospective juror was ineligible for jury service because he had reported for Federal jury duty within the previous four years. Defendant challenged the court’s view, contending that the juror reported to Federal court for two days but was never sworn as a juror and therefore was not disqualified under Judiciary Law § 524. Relying upon the Judiciary Law and the Rules of the Chief Administrator of the Courts, the court dismissed the juror from the panel and rejected defendant’s purported waiver of the juror’s apparent ineligibility. Defendant’s motion for a mistrial was denied. Defendant was convicted of the offenses charged, and the conviction was affirmed by the Appellate Division. Leave to appeal was granted by a Judge of this Court.
Judiciary Law § 524 (a) provides in relevant part that:
“A person who has served on a grand or petit jury in any court of the unified court system or in a federal court shall not be competent to serve again *507 as a trial or grand juror in any court of the unified court system for four years subsequent to the last day of such service.”
Rules of statutory construction require that section 524 be read in conjunction with section 525 in order to properly interpret the intent of the Legislature (see, Khela v Neiger, 85 NY2d 333, 336-337; Matter of Klein [Hartnett], 78 NY2d 662, 667). Judiciary Law § 525 (c) provides in pertinent part:
“For the purposes of this section, actual attendance shall include a juror’s actual physical attendance wherein the court convenes or service by means of a telephone standby system whereby a juror shall remain available to report for jury service upon notification by means of telephone or other electronic communication.”
Accordingly, when sections 524 and 525 are read together, it is evident that the Legislature did not intend to require the impaneling of a person as a trial or grand juror in order to be deemed ineligible for future juror service under the statute. Rather, section 524 is intended to include individuals who fulfilled their jury service obligations by responding to a summons for jury duty through either actual physical attendance or telephone standby service. Notably, this interpretation of juror service requiring disqualification is mirrored in New York Rules of Court [22 NYCRR] §§ 128.8[1] and 128.9 (b),[2] which were promulgated by the Chief Administrator of the Courts to implement the provisions of Judiciary Law §§ 524 and 525.
Defendant’s remaining contentions are without merit.
Accordingly, the order of the Appellate Division should be affirmed.
*508 Judges Levine, Ciparick, Wesley and Rosenblatt concur Chief Judge Kaye taking no part.
Order affirmed.

. Section 128.8 of the Rules, entitled “Duration of Service” states in pertinent part that “the duration of a juror’s service shall be computed by counting the first day on which the juror is required to appear and each consecutive day thereafter, excluding days in which the court is not in session, until the juror is released from service. The commissioner of jurors may release a trial juror from service at any time, except that a trial juror who has been sworn or selected to sit on a panel in a proceeding may be released before the proceeding is terminated only by a judge or justice” (22 NYCRR 128.8 [a]).

. Section 128.9 of the Rules, entitled “Frequency of Service,” states in pertinent part that “[a] person who has served on a trial jury or grand jury in any court of record within the state, including service as set forth in section 128.8 of this Part or service in a federal court, is disqualified from further jury service, pursuant to section 524 of the Judiciary Law, for four years * * * For purposes of this subdivision, jury service shall include service in the court and telephone standby service” (22 NYCRR 128.9 [b]).