■ Ivo STEJSKAL et al., Appellants, v ALBERT SIMONS III et al., Respondents. (And a Third-Party Action.) [765 NYS2d 886] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 3, 2002, as granted that branch of the motion of the defendants Albert Simons III, Theodora Simons, and Irvine Realty Group, Inc., which was for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants Albert Simons III and Theodora Simons, granted, on consent, that branch of the motion which was for summary judgment dismissing those causes of action insofar as asserted against the defendant Irvine Realty Group, Inc., and denied their cross motion for summary judgment on the issue of liability on their cause of action based upon Labor Law § 240 (1) against the defendants Albert Simons III and Theodora Simons.

Ordered that the appeal from so much of the order as granted, on consent, that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' causes of action based on Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant Irvine Realty Group, Inc., is dismissed, as no appeal lies from the portion of an or-

der entered on the consent of the appealing party (*see Baecher v Baecher,* 95 AD2d 841 [1983]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On July 19, 2000, the plaintiff Ivo Stejskal, an employee of the third-party defendant, Zen General Construction & Renovation Corp., was standing on an A-frame ladder during the course of performing construction work at a townhouse in Manhattan. He was injured when the ladder collapsed.

The defendants Albert Simons III and Theodora Simons (hereinafter the Simons) purchased the property on or about September 14, 1998. Their intent was to convert the townhouse back to its original function as a single-family house. When originally purchased in 1998, the building consisted of 13 separate dwelling units. At the time of the purchase, three of the units (consisting of rent-stabilized apartments) were occupied by three separate tenants, one unit was occupied by the Simons, and nine units were empty. On the date of the accident, the building was still registered as a multiple dwelling and at least two tenants remained in the building.

The legislative history of the Labor Law, particularly sections 240 and 241, demonstrates that the Legislature sought to achieve the purpose of protecting workers by placing responsibility for safety practices at building construction jobs on the owner and general contractor rather than on the workers (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520 [1985]). Labor Law § 240 (1) and § 241 (6) both require that all contractors and owners and their agents, "except owners of one and two-family dwellings who contract for but do not direct or control the work" comply with certain safety standards when constructing or renovating buildings. At issue here is whether the Simons are entitled to the benefit of the homeowner's exemption in Labor Law § 240 (1) and § 241 (6). There is no evidence that the Simons exercised any supervision or control over the work.

In *Khela v Neiger* (85 NY2d 333 [1995]), the Court of Appeals addressed a case similar to the instant case. In *Khela,* the owner was renovating a multiple dwelling into a two-family dwelling when the plaintiff construction worker was injured. The Court determined that the owner was entitled to the homeowner's exemption since the site and purpose of the construction was solely connected with remodeling the building into a residential and single-tenant space, not creating or enhancing a commercial usage (*id.* at 338). Thus, the owner

was entitled to the benefit of the exemption although, at the time of the accident, the building was still a three-family dwelling.

We conclude that the determination in *Khela* applies herein and that the Simons, therefore, are entitled to the benefit of the homeowner's exemption. In this case, the accident occurred during renovation while the building was being converted into a single-family house. The fact that at the time of the accident the subject building was occupied by more than two families, as argued by the plaintiffs, is irrelevant. In *Khela,* the Court stated that the determination of whether the exemption is available to an owner in a particular case turns on the site and purpose of the work (*see Cannon v Putnam,* 76 NY2d 644, 650 [1990]). Here, the site and purpose of the construction were solely related to renovating the building for one-family use and had nothing to do with the tenancies. Under such circumstances, the Simons were entitled to the benefit of the exemption (*see Small v Gutleber,* 299 AD2d 536 [2002]). McGinity, Schmidt and Mastro, JJ., concur.

Feuerstein, J.P., concurs in part and dissents in part and votes to (1) dismiss the appeal from so much of the order as granted, on consent, that branch of the defendants' motion which was for summary judgment dismissing the causes of action based on Labor § 240 (1) and § 241 (6) insofar as asserted against the defendant Irving Realty Group, Inc., (2) reverse the order insofar as reviewed, (3) deny that branch of the defendants' motion which was for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants Albert Simons III and Theodora Simons, and (4) grant the·cross motion, with the following memorandum in which Friedmann, J., concurs: I find the *Khela* case (*Khela v Neiger,* 85 NY2d 333 [1995]) to be distinguishable from the present case, and therefore, I believe the majority's reliance upon that case is misplaced. In *Khela,* there was no indication of the number of families that were actually residing in the building at the time of the accident. The determination as to whether the building in question was being used for a commercial purpose or a strictly residential purpose as a one- or two-family dwelling must depend upon how many families resided in the building at the time of the accident in addition to the purpose of the renovation. Here, while the purpose of the renovation was to convert the multiple dwelling into a one- or two-family dwelling, at the time of the accident the property was still being used for a commercial purpose and housed at least three families. To hold otherwise

would allow owners of multiple dwellings to simply declare an intent to convert the property to a one- or two-family dwelling entitling them to claim the exemption for an unlimited amount of time. Accordingly, I would hold that the Simons were not entitled to the benefit of the exemption (*see Yurkovich v Kvarner Woodworking,* 289 AD2d 183 [2001]).