■ Amara Dembra Doucoure, Appellant, v Atlantic Development Group, LLC, Respondent, MC and O Construction, Inc., Respondent-Respondent, and Ogden Avenue Associates, L.P., Appellant. Atlantic Development Group, LLC, et al., Third-Party Plaintiffs, v Joy Construction Corp., Third-Party Defendant-Respondent. [784 NYS2d 552]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 8, 2004, which, inter alia, denied plaintiff's motion seeking summary judgment as to liability on his Labor Law § 241-a claim, granted defendants' cross motions seeking summary judgment insofar as to dismiss plaintiff's Labor Law § 240 (1) claim and to dismiss his Labor Law § 241-a

claim as against defendants Atlantic Development Group, LLC and MC and O Construction, Inc., and denied the cross motion of defendant Ogden Avenue Associates, L.P., seeking summary judgment upon its cross claim for contractual indemnification against MC and O Construction, Inc., unanimously modified, on the law, to grant Ogden's cross motion insofar as it seeks contractual indemnification, and otherwise affirmed, without costs.

Plaintiff, a construction worker, was injured when a piece of concrete debris chipped loose by an employee of the masonry subcontractor, defendant MC and O Construction, fell down the elevator shaft of defendant Ogden's building, and struck him on the head.

Labor Law § 241-a requires that workers in elevator shafts be safeguarded by "sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men," and it is undisputed that plaintiff had been instructed to pump water out of the shaft after the planking had already been removed. It is also clear that but for the lack of overhead protection, plaintiff would not have sustained any injury. However, inasmuch as Labor Law § 241-a is to be construed in pari materia with Labor Law § 241 (*Khela v Neiger*, 85 NY2d 333, 336 [1995]), it follows that claims brought pursuant to section 241-a, like those brought pursuant to section 241, are, in distinction to claims brought under Labor Law § 240 (1), subject to contributory and comparative negligence defenses. Accordingly, because there is a factual dispute as to whether plaintiff complied with his supervisor's direction to vacate the shaft by 10:00 A.M., the time when the overhead concrete chopping was scheduled to commence, plaintiff's entitlement to judgment as a matter of law upon his section 241-a claim as against Ogden was not established. The claim was properly dismissed as against MC and O Construction and Atlantic Development since neither was an agent of the owner for purposes of imposing liability under the statute.

Turning to plaintiff's Labor Law § 240 (1) claim, we note that "for section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001). Accordingly, here, because the concrete chip that struck plaintiff was neither being hoisted nor secured at the time of the accident, plaintiff has no viable claim under Labor Law § 240 (1).

We modify only to grant defendant Ogden summary judgment upon its cross claim for contractual indemnification against MC and O Construction since the record establishes that any liability on its part would be purely statutory (*see Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1999]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.