■ DIANE GOING et al., Respondents, v JOHN W. TOOMEY III et al., Appellants, and T. BERESOFF CONSTRUCTION, LLC, Respondent, et al., Defendants. (And a Third-Party Action.) [916 NYS2d 224]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants John W. Toomey III, Susan C. Toomey, and Michael J. Toomey, as trustees of the Theodora C. Toomey Trust, appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 28, 2009, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's decedent allegedly sustained serious injuries and ultimately died after falling from the roof of premises owned by the defendant Theodora C. Toomey Trust (hereinafter the Trust). At the time of the accident, the plaintiff's decedent was completing roofing work as part of a renovation of the premises, which, the record reveals, is used both as a residence by the defendant Michael J. Toomey and his family, and for commercial storage. The plaintiff commenced this action against, among others, John W. Toomey III, Susan C. Toomey, and Michael J. Toomey, as trustees of the Trust (hereinafter collectively the appellants), asserting causes of action to recover damages for, inter alia, violations of Labor Law §§ 200, 240 (1) and § 241, and common-law negligence. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. We affirm.

In support of that branch of their motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241 (6), the appellants failed to establish, prima facie, that the statutory exemption from li-

ability for owners of one- or two-family residences is applicable (*see* Labor Law. § 240 [1]; § 241 [6]; *Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *Mandelos v Karavasidis*, 86 NY2d 767 [1995]; *Khela v Neiger*, 85 NY2d 333, 337 [1995]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]; *Ortega v Puccia*, 57 AD3d 54, 58, 60 [2008]), or that Michael J. Toomey did not direct or control the method and manner of the work being performed by the plaintiff's decedent (*see* Labor Law § 240 [1]; § 241 [6]; *Chowdhury v Rodriguez*, 57 AD3d at 126-127; *Ortega v Puccia*, 57 AD3d at 58-59; *Billman v CLF Mgt.*, 19 AD3d 346 [2005]; *Miller v Shah*, 3 AD3d 521 [2004]). In support of that branch of their motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200, the appellants failed to establish, prima facie, that Michael J. Toomey lacked authority to supervise or control the manner in which the plaintiff's decedent performed the work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Chowdhury v Rodriguez*, 57 AD3d at 128; *Ortega v Puccia*, 57 AD3d at 61; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735-736 [2008]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.