■ Zbigniew Kosinski et al., Respondents, v Brendan Moran Custom Carpentry, Inc., et al., Appellants. [30 NYS3d 237]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated April 14, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and denied those branches of their motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action, and dismissing the Labor Law § 200 cause of action insofar as asserted against the defendant Concordia General Contracting, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against the defendant Lynn DeGregorio, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The defendant Lynn DeGregorio owned certain real property with a house, in which DeGregorio lived, and a detached building containing a garage and an apartment that was occupied by a caretaker for the property. DeGregorio hired the defendant Brendan Moran Custom Carpentry, Inc. (hereinafter BMCC), to perform certain renovations on the property. BMCC entered into a subcontract with the defendant Concordia General Contracting, Inc. (hereinafter Concordia), pursuant to which Concordia would perform some of the work with respect to the renovations. Concordia entered into a subcontract with the plaintiff Zbigniew Kosinski, a self-employed carpenter, pursuant to which Kosinski would perform certain carpentry work with respect to the renovations. While performing this work, Kosinski fell from a ladder, causing him to sustain personal injuries. Kosinski, and his wife suing derivatively, commenced this action against DeGregorio, BMCC, and Concordia, asserting causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6).

The Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. In order to be liable pursuant to Labor Law § 240 (1), "the owner or contractor must breach the statutory duty under section 240 (1) to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them" (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). Here, in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendants raised triable issues of fact as to whether Kosinski misused the subject ladder and, if so, whether that misuse was the sole proximate cause of the accident (*see Assevero v*

*Hamilton & Church Props., LLC*, 131 AD3d 553, 557 [2015]; *Daley v 250 Park Ave., LLC*, 126 AD3d 747, 749 [2015]).

The Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against DeGregorio. Labor Law §§ 240 (1) and 241 (6) "provide an exemption for owners of single and two-family houses such that liability can only be imposed where the homeowner directs or controls the work being performed" (*Tomecek v Westchester Additions & Renovations, Inc.*, 97 AD3d 737, 738 [2012]). Here, the defendants made a prima facie showing that DeGregorio was entitled to the protection of the homeowner's exemption by submitting evidence demonstrating that she did not direct or control the work being performed, and that the work being performed directly related to the residential use of the home (*see Bartoo v Buell*, 87 NY2d 362, 368-369 [1996]; *Khela v Neiger*, 85 NY2d 333, 337-338 [1995]; *DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656, 658 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against Concordia. "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (*Torres v City of New York*, 127 AD3d 1163, 1165 [2015] [internal quotation marks omitted]). Here, the defendants failed to establish, prima facie, that Concordia did not have the authority to exercise supervision and control over the subject work (*see Seferovic v Atlantic Real Estate Holdings, LLC*, 127 AD3d 1058, 1060-1061 [2015]; *Cruz v Cablevision Sys. Corp.*, 120 AD3d 744, 747 [2014]; *Going v Toomey*, 81 AD3d 688, 689 [2011]).

The defendants' remaining contentions are without merit. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.