WAYNE NICHOLAS, Appellant, v CHERYL PHILLIPS, Respondent. [54 NYS3d 675]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated September 3, 2015, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell from a ladder and was injured while attempting to perform some roofing repairs on a two-family residence owned by the defendant. It is undisputed that the defendant lived on the first floor of the home with her son, and rented out the upper floor of the home to tenants. The plaintiff commenced this action pursuant to Labor Law § 240 (1) to recover damages for his injuries, and the defendant subsequently cross-moved for summary judgment dismissing the complaint on the basis of the statute's homeowner exemption. The Supreme Court granted the cross motion, and the plaintiff appeals.

The homeowner exemption to liability under Labor Law § 240 (1) is available to owners of one- and two-family dwellings who contract for the performance of work on the premises, but who do not direct or control the work (*see Kosinski v Brendan Moran Custom Carpentry, Inc.*, 138 AD3d 935 [2016]; *DiMaggio v Cataletto*, 117 AD3d 984 [2014]). Where, as in the present case, the property is used for both residential and commercial purposes, the courts employ a flexible site and purpose test to determine whether the work contracted for directly relates to the residential use of the building so as to warrant application of the exemption (*see Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *Ramirez v Begum*, 35 AD3d 578 [2006]).

Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law by submitting property records and the plaintiff's own deposition testimony, which established that the home was a two-family residence, that the work being performed was directly related to its residential use, and that she did not direct or control that work (*see generally Dasilva v Nussdorf*, 146 AD3d 859 [2017]; *Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718 [2014]; *Ramirez v Begum*, 35 AD3d 578 [2006]; *Stejskal v Simons*, 309 AD2d 853 [2003], *affd* 3 NY3d 628 [2004]).

The plaintiff failed to raise a triable issue of fact in opposi-

tion to the cross motion. The plaintiff's assertion that the presence of tenants on the premises converted it to a three-family residence is unavailing. Similarly, the mere fact that the defendant provided the ladder from which the plaintiff fell is inadequate to deprive her of the exemption (*see DiMaggio v Cataletto*, 117 AD3d 984 [2014]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *Miller v Trudeau*, 270 AD2d 683 [2000]).

Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.