Marquez v Mascioscia (2018 NY Slip Op 06894)





Marquez v Mascioscia


2018 NY Slip Op 06894


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-11033
 (Index No. 3160/14)

[*1]Oscar Marquez, appellant,
v Frank Mascioscia, et al., respondents.


Jaghab, Jaghab & Jaghab, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Beth S. Gereg], of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent Frank Mascioscia.
Law Offices of Curtis, Vasile, Mehary & Dorry, P.C., Merrick, NY (Michael J. Dorry of counsel), for respondent Felix Mascioscia.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated October 2, 2015. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured while installing insulation on premises owned by the defendants when a ladder on which he was standing slipped, causing him to fall to the ground. The plaintiff was an employee of a contractor hired by the defendants to perform the work. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging violations of, inter alia, Labor Law §§ 240(1) and 241(6). The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, citing the homeowner's exemption to the Labor Law. The plaintiff opposed the defendants' motions and cross-moved for summary judgment on the issue of liability pursuant to Labor Law § 240(1). The Supreme Court granted the defendants' motions and denied the plaintiff's cross motion. The plaintiff appeals.
In order for a defendant to receive the protection of the homeowner's exemption, the defendant must show that (1) the premises consisted of a one- or two-family residence, and (2) the owner did not direct or control the work being performed (see Abdou v Rampaul, 147 AD3d 885; Chowdhury v Rodriguez, 57 AD3d 121; Ortega v Puccia, 57 AD3d 54, 57-58). Applicability of the exemption turns on whether the site and purpose of the work was connected to the owner's residential use of the property (see Khela v Neiger, 85 NY2d 333; Cannon v Putnam, 76 NY2d 644, 650; Stejskal v Simons, 309 AD2d 853, 855, affd 3 NY3d 628). Where an owner engages in both commercial and residential uses of the property, a "determination as to whether the exemption [*2]applies . . . must be based on the owner's intentions at the time of the injury" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721; see Batzin v Ferrone, 140 AD3d 1102, 1104; Lenda v Breeze Concrete Corp., 73 AD3d 987; Morgan v Rosselli, 9 AD3d 417; Moran v Janowski, 276 AD2d 605, 606).
Here, the defendants made a prima facie showing that the defendant Frank Mascioscia intended to reside on the second floor of the premises after the renovations were completed (see Bartoo v Buell, 87 NY2d 362; Nicholas v Phillips, 151 AD3d 731; DeSabato v 674 Carroll St. Corp., 55 AD3d 656; Ramirez v Begum, 35 AD3d 578; Morgan v Rosselli, 9 AD3d 417, 419; Stejskal v Simons, 309 AD2d at 855). In opposition, the plaintiff failed to submit evidence in support of his contention that the defendants intended to rent out the second floor of the premises (see Khela v Neiger, 85 NY2d at 337; Cannon v Putnam, 76 NY2d at 650). In addition, the plaintiff did not argue that the defendants directed or controlled his work. Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against each of them and denying the plaintiff's cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240(1).
The plaintiff's remaining contentions are not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887; Williams v City of New York, 153 AD3d 1301).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court