Bates v Porter (2022 NY Slip Op 01435)





Bates v Porter


2022 NY Slip Op 01435


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-12527
 (Index No. 53035/16)

[*1]Robert Bates, et al., appellants,
v
Liliana Porter, et al., respondents.


Sobo & Sobo LLP, Middletown, NY (Mark Cambareri and Michael Wolff of counsel), for appellants.
Jacobson & Schwartz, LLP, White Plains, NY (Robert L. Boydstun of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.H.O.), dated October 11, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants, retired art professors, own property upon which are situated a one-family house and a two-story barn. The barn, which contains a kitchen, bathroom, and sleeping area, is used by the defendants as a studio for creating art, as a garage when they travel, as a storage area for art supplies and household tools, and as a place to entertain and house guests. Although the defendants sell some of their art through galleries, they do not use the barn to show or sell art.
In 2016, the defendants hired the employer of the plaintiff Robert Bates (hereinafter Bates) to paint the exterior of both the house and the barn. During the course of painting the barn, Bates allegedly fell from a ladder and was injured. Bates, and his wife suing derivatively, commenced this action, inter alia, alleging violations of Labor Law §§ 240(1) and 241(6). After discovery, the defendants moved, among other things, for summary judgment dismissing the complaint, and the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability. By order dated October 11, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The plaintiffs appeal.
Under Labor Law §§ 240 and 241, owners of one- and two-family dwellings who contract for but do not direct or control work performed on their property are exempt from the liability imposed by those statutes (see Bartoo v Buell, 87 NY2d 362, 367). When such an owner [*2]contracts for work that "directly relates to the residential use of the home," that owner is shielded by the homeowner exemption, "even if the work also serves a commercial purpose" (id. at 367; see Nicholas v Phillips, 151 AD3d 731).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) and § 241(6) causes of action on the basis of the homeowners' exemption. The defendants' evidence established, prima facie, that the work being performed was directly related to the residential uses of their property (see Bartoo v Buell, 87 NY2d at 369; Nicholas v Phillips, 151 AD3d at 731; Kosinski v Brendan Moran Custom Carpentry, Inc., 138 AD3d 935, 937; Umanzor v Charles Hofer Painting & Wallpapering, Inc., 48 AD3d 552, 553), and it is undisputed that they did not direct or control the work. In opposition, the plaintiffs failed to raise a triable issue of fact.
In light of our determination, we need not consider the plaintiffs' remaining contention.
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court