## Rodriguez v VillageFH, LLC

2024 NY Slip Op 31071(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 154863/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>**HON. ARLENE P. BLUTH**</u>                    PART                       **14**
                                    *Justice*

----------------------------------------------------------------------X

ROBERTO RODRIGUEZ,

                            Plaintiff,

            - v -

VILLAGEFH, LLC, SMI CONSTRUCTION MANAGEMENT, INC.,

                            Defendant.

----------------------------------------------------------------------X

VILLAGEFH, LLC, SMI CONSTRUCTION MANAGEMENT, INC.

                            Plaintiff,

            -against-

DONATO, INC. and INTERIOR ROCK, INC.,

                            Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154863/2018 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595480/2020

The following e-filed documents, listed by NYSCEF document number (Motion 004) 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 159, 161, 163, 169, 170, 171, 172, 173, 174, 175, 176, 177, 183, 185, 189, 190, 191, 196, 197, 198

were read on this motion to/for                           SUMMARY JUDGMENT                         .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 162, 164, 178, 179, 180, 181, 182, 184, 186, 188, 192, 193, 194, 195

were read on this motion to/for                           JUDGMENT - SUMMARY                        .

        Motion Sequence numbers 004 and 005 are consolidated for disposition. Defendants

VillageFH, LLC and SMI Construction Management's motion (MS004) for summary judgment

dismissing all claims against it is granted in part and denied in part and plaintiff's cross-motion

for partial summary judgment on his Labor Law § 240(1) claim and to amend his bill of

[* 1]

particulars to add an Industrial Code Section is granted in part and denied in part. The motion (MS005) by third-party defendant Interior Rock, Inc. ("Interior Rock") for summary judgment is granted in part and denied in part.

**Background**

This Labor Law case arises out of an accident involving plaintiff on September 13, 2016. On the day of the accident, plaintiff was working for non-party Jovin Demo New York, Inc. ("Jovin"), a demolition contractor at a job site in Manhattan. Defendant SMI Construction Management, Inc. ("SMI") was the general contractor.

Plaintiff testified that Jovin was hired to "Break debris and chop down some metal" (NYSCEF Doc. No. 119 at 64). Plaintiff added that he was told he was going to be cutting steel on the fourth floor (*id*. at 68). After plaintiff and his coworkers arrived at the jobsite, Jovin's foreman told him to do downstairs and clear "out the debris that's dropping from the fourth floor to the basement" and take it out to the street (*id*. at 74).

When asked to describe the basement, plaintiff testified that "It was a war zone. You have planks everywhere. Certain areas were being excavated and some places weren't, some places were already done, and we had our section where we were working in the pit" (*id*. at 80). Plaintiff insisted that the planks were put down so workers would not have to walk in a ditch during the excavation (*id*.). Prior to his accident, plaintiff estimated that he made about 25 to 35 trips from the basement to the dumpster outside as part of his debris removal task (*id*. at 89).

Plaintiff testified that his accident occurred as he was leaving the basement while carrying a full load of debris on his back (*id*. at 93-94). He added that "they filled up the bucket and hoisted it up on my back. When I'm going out, somebody was coming in. That's when – when we got to each other, that's when I went straight into the hole (indicating) because we

**154863/2018 RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No. 004 005**

**Page 2 of 14**

2 of 14

[* 2]

nipped each other and I went straight into the hole. If there was a railing there, if there was a railing there, I would have bounced back off and kept going, like a boxing match, a wrestling match. It wasn't that. I went straight into the hole. He dropped his bucket. He came to help me and I couldn't get up, my legs were numb" (*id*. at 94). Plaintiff estimated the fall was about two feet (*id*. at 95).

Unfortunately, this is not the only version of the accident offered by plaintiff. When plaintiff sought medical treatment, he offered somewhat conflicting accounts of how he was hurt that ranged from assertions that he "slipped and fell," "he fell backwards" and that he "suffered a mechanical fall due to an uneven floor" (NYSCEF Doc. No. 190). None of these records suggest that his fall was caused because a co-worker bumped into him. And neither plaintiff's deposition testimony nor his bill of particulars suggests that he slipped and fell.

**VillageFH LLC**

Defendants seek summary judgment with respect to VillageFH on the ground that this defendant is entitled to the homeowner's exception to the Labor Law.

"In 1980, the Legislature amended Labor Law §§ 240 and 241 to exempt owners of one and two-family dwellings who contract for but do not direct or control the work" from the absolute liability imposed by these statutory provisions. The amendments, intended by the Legislature to shield homeowners from the harsh consequences of strict liability under the provisions of the Labor Law, reflect the legislative determination that the typical homeowner is no better situated than the hired worker to furnish appropriate safety devices and to procure suitable insurance protection" (*Bartoo v Buell*, 87 NY2d 362, 367, 639 NYS2d 778 [1996]).

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 3 of 14**

3 of 14

"The homeowner exemption to liability under Labor Law § 240(1) is available to owners of one-and two-family dwellings who contract for the performance of work on the premises, but who do not direct or control the work. Where . . . the property is used for both residential and commercial purposes, the courts employ a flexible site and purpose test to determine whether the work contracted for directly relates to the residential use of the building so as to warrant application of the exemption" (*Nicholas v Phillips*, 151 AD3d 731, 731, 54 NYS3d 675 [2d Dept 2017] [citations omitted]).

Here, VillageFH met its burden in the moving papers through the affidavit from the general contractor SMI, which noted that VillageFH did not direct or control the work and attached a certificate of occupancy for the property that shows it is a single-family residence (NYSCEF Doc. No. 122).

Plaintiff did not raise an issue of fact concerning the application of the homeowner's exception. He contends that the property was commercial on the date of the accident. But that is not the dispositive issue here. There is no dispute that SMI claims it was hired to convert the property to a residence from 2016 through 2019 and that the certificate of occupancy (issued in 2019) classifies the property as a residence. The clear purpose of the construction, on this record, was residential—that entitles VillageFH to the exemption (*Khela v Neiger*, 85 NY2d 333, 338, 624 NYS2d 566 [1995]). Accordingly, all claims against VillageFH are severed and dismissed.

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 4 of 14**

**Claims Between SMI and Plaintiff**

SMI,[1] the general contractor, moves[2] to dismiss plaintiff's claims based on Labor Law §§ 240(1), 241(6), 241-a and 200. Plaintiff cross-moves for summary judgment on his Labor Law § 240(1) and to amend his bill of particulars to add an additional section from the Industrial Code.

As an initial matter, plaintiff did not oppose the portion of SMI's motion that sought dismiss his Labor Law §241-a and the following Industrial Code sections.

*Labor Law § 240(1)*

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

---

[1] As the Court dismisses VillageFH from this case, the Court will hereafter refer to only SMI.
[2] The Court observes that third-party defendant Interior Rock Inc's motion makes many of the same arguments as SMI regarding the alleged insufficiency of plaintiff's Labor Law claims.

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 5 of 14**

5 of 14

With respect to Labor Law § 240(1), the Court denies both SMI's motion and plaintiff's cross-motion for this requested relief. As SMI pointed out, plaintiff offered multiple versions of how he was injured. In his deposition testimony, he claimed that he was walking on a wood pathway (planks) when another worker bumped into him and caused him to fall into the ditch below. The Court observes that SMI included medical records in which plaintiff allegedly told one facility that "he slipped at work and fell backwards from standing" (NYSCEF Doc. No. 190 at 3). He told another provider that "he slipped while carrying buckets of debris" (*id*. at 4) and yet another that "he was at work when he was lifting debris" and "[h]e fell backwards" (*id*. at 7). Plaintiff also said that the "suffered a mechanical fall due to an uneven floor" (*id*. at 8).

These varying versions compel the Court to find that there are issues of fact regarding exactly how the accident occurred. In particular, these medical reports do not contend that he fell because a coworker bumped into him—some say he slipped and fell while others don't really mention the exact cause. And they do not mention that he fell down into a ditch or that the fall was about two feet. The fact is that summary judgment is a drastic remedy and the Court cannot pick and choose which version of plaintiff's account should be credited. The Court observes that plaintiff's accounts in these medical records are admissible (*Kamolov v BIA Group, LLC*, 79 AD3d 1101, 1101 [2d Dept 2010] [affirming the denial of summary judgment motion in a Labor Law case where the medical records raised an issue of fact about how the accident occurred]).

The Court adds that it denies this branch of SMI's motion to dismiss this claim because although plaintiff claims he only fell two feet, the total amount is not dispositive. "It is an oversimplification to suggest that Labor Law 240(1) does not apply based solely on the distance involved" (*Brown v 44th St. Dev., LLC*, 48 Misc 3d 234, 242 [Sup Ct, NY County 2015], *affd sub nom. Brown v 44 St. Dev., LLC*, 137 AD3d 703 [1st Dept 2016]). In *Brown*, the Court

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 6 of 14**

[* 6]

granted a plaintiff's Labor Law § 240(1) claim where the plaintiff fell only about a foot in a hole in between rebar (*id.*). "The sufficiency of an elevation differential and fall from a height for purposes of Labor Law § 240(1) liability cannot, unfortunately, be reduced to a numerical bright-line test or automatic minimum/maximum quantification" (*Amo v Little Rapids Corp.*, 301 AD2d 698, 701, 754 NYS2d 685 [3d Dept 2003]

This Court finds that the type of accident alleged here (at least in plaintiff's deposition testimony) is the type of gravity related injury that implicates Labor Law § 240(1). Plaintiff alleged that he was carrying heavy debris on his back, which means that falling two feet has more serious implications than if he was not loaded down with debris on his back. Put another way, if a jury believes that the accident happened the way plaintiff described in his deposition testimony, then they might find that it was a gravity-related incident that could have been prevented with an adequate safety device such as a handrail. Of course, the Court cannot grant summary judgment to plaintiff given the multiple ways in which he described how the accident occurred.

*Labor Law § 241(6)*

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 7 of 14**

7 of 14

[* 7]

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

SMI seeks to dismiss plaintiff's Labor Law claims to the extent they are based on Industrial Code Sections 23-1.22(b)(2), (3), (4) and section (c)(1)-(2).

Plaintiff only addresses 23-1.22(b)(2) in his opposition. This section provides that "(2) Runways and ramps constructed for the use of persons only shall be at least 18 inches in width and shall be constructed of planking at least two inches thick full size or metal of equivalent strength. Such surface shall be substantially supported and braced to prevent excessive spring or deflection. Where planking is used it shall be laid close, butt jointed and securely nailed."

The Court denies the branch of the motion that seeks to dismiss 23-1.22(b)(2) as the record shows that there are issues of fact regarding the width of the planks. Plaintiff testified that each plank was about four to five inches wide and that four planks together would stretch between 16-20 inches in width (NYSCEF Doc. No. 119 at 85). The expert affidavit from SMI does not compel the Court to grant the motion; the expert contends that plaintiff testified that each plank was 1 to 1 ½ feet in width (NYSCEF Doc. No. 125, ¶ 7). But, as noted above, plaintiff testified that the planks were four to five inches wide and the neither the expert affidavit nor SMI's initial memo of law (NYSCEF Doc. No. 113 at 12) cites to plaintiff's testimony where he says the planks were 1 to 1 ½ feet in width and therefore, when laid together, would have been well beyond the 18-inch requirement.

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 8 of 14**

8 of 14

In reply, SMI argues in paragraph 38 in NYSCEF Doc. No. 189 that plaintiff testified that the width of the planks would make the path four to six feet wide and cites to page 84 of plaintiff's deposition testimony. But a review of that citation and the following page does not yield testimony that the planks would stretch four to six feet in width; rather plaintiff agreed it would stretch 16-20 inches as noted above. Of course, the width here is important because plaintiff's deposition testimony alleged that he was hit by a coworker attempting to walk past him. That is, the lack of width may have been a proximate cause of the accident.

However, the remaining Industrial Code sections are severed and dismissed as plaintiff did not address them—this includes 23-1.22(b)(3), (4) and section (c)(1)-(2).

**Amendment**

Plaintiff cross-moves to add Industrial Code 23-1.7(b) to his 241(6) claim. This section relates to hazardous openings and specifically provides that an opening should be "guarded by . . . a safety railing."

SMI claims that it faces unfair surprise given the late date of this proposed amendment. It claims that a note of issue has already been filed.

The Court grants this branch of plaintiff's cross-motion. As an initial matter, the Court observes that there is no current valid note of issue. This Court struck the note of issue in a decision dated November 27, 2023 and there is a conference scheduled for May 2, 2024 (NYSCEF Doc. No. 187). The fact that the case is still on the trial calendar derives from the fact that defendants appear to have never served a copy of the Court's decision (NYSCEF Doc. No. 165) on the appropriate Court office as directed in that decision to effectuate the removal of this

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 9 of 14**

9 of 14

case from the trial calendar. Therefore, SMI cannot claim unfair surprise or any prejudice because the note of issue was stricken.[3]

**Labor Law 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

"Where an alleged defect or dangerous condition arises from a subcontractor's methods over which the defendant exercises no supervisory control, liability will not attach under either the common law or section 200" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272, 841 NYS2d 249 [1st Dept 2007]).

---

[3] Curiously, defendants previously moved to strike the note of issue, won the motion, and now claim prejudice because there is a note of issue. Either defendants are not in command of the history of this case or the argument is borderline frivolous. Either way, the amendment is allowed.

**154863/2018 RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No. 004 005**

**Page 10 of 14**

10 of 14

SMI argues that it had no control over the means and methods of plaintiff's work for Jovin. It claims that no railings were required because the height of the excavated area below was only two feet.

Plaintiff contends in opposition that SMI's superintendent testified that he had safety responsibilities.

In fact, he testified that "we'd take care of everything, you know, safety wise" (NYSCEF Doc. No. 121 at 11). He added that SMI handled "site safety issues" for the project at issue here (*id*. at 12). SMI's witness even testified that "I mean, I walk around the job. If guys didn't have hard hats on, if there was a handrail off, if something looked dangerous, I'd – we'd fix it or we'd bring it to someone's attention and get it done, you know, fixed it" (*id*. at 65). He admitted that on the day of plaintiff's accident it would have been his responsibility to ensure that Jovin employees "had a safe way to exit and enter the basement" (*id*. at 66).

This testimony compels the Court deny this branch of SMI's motion. Its superintendent admitted that he was responsible for site safety and would walk around the job site to ensure that the environment was safe. That raises an issue of fact over the degree of control that SMI exerted over plaintiff, particularly with regards to the safety issues raised in this motion. Put another way, a fact finder must consider whether SMI should have put in a railing to ensure that workers removing debris, such as plaintiff, did not risk falling into the excavated area. And SMI admits it was its job to fix safety problems.

The Court observes that Industrial Code Section 23-1.22(b)(4) requires that there be a railing where there is a height of more than four feet. But that is not dispositive as plaintiff is not seeking relief under that Industrial Code section and it does not provide a complete defense to a Labor Law § 200 claim. Labor Law § 200 is merely a codification of common law negligence

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 11 of 14**

11 of 14

principles; while this Industrial Code section may be persuasive it is not a basis to grant summary judgment as a matter of law. A fact finder could conclude that the pathway plaintiff was asked to walk across with a heavy load of debris was not safe for that task and find that SMI was negligent as it readily admits it was supposed to ensure the jobsite's safety. Plus, as will be discussed below, Interior Rock's foreman observed that no one should have been walking across these planks.

**MS005**

In this motion, Interior Rock moves for summary judgment. It explains that it was hired to do excavation and underpinning work at the jobsite. Interior Rock argues that it had no responsibility for overall safety and was not obligated to oversee workers' entry and exit from the basement where plaintiff was working. It insists that it procured an insurance policy as required under its contract with SMI that names both SMI and VillageFH as additional insureds. It claims that SMI's request for defense and indemnity against it is therefore without merit because it had nothing to do with Jovin's demolition work.

In opposition, SMI claims that Interior Rock was the entity that laid down the wooden planks at issue and that it was Interior Rock that would have put any fall protection if it were necessary. However, SMI's opposition is completely silent with respect to its cause of action that Interior Rock should have procured insurance.

The Court denies the motion because of the inconsistent testimony by Interior Rock's witnesses. Interior Rock's president testified that he never saw any wooden planks on the ground (NYSCEF Doc. No. 150 at 33). When asked about plaintiff's testimony concerning the planks, he insisted he had no idea what plaintiff was talking about (*id*. at 33-34). In fact, Interior Rock's

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 12 of 14**

12 of 14

president insisted that he could not recall any wooden planking at all (NYSCEF Doc. No. 150 at 37). However, his nephew (who was also the foreman on the site) testified that Interior Rock put down planks (NYSCEF Doc. No. 151 at 28). This witness also emphasized that no one should walk across these planks "Because they would have been there for fall protection. That was their purpose" (*id*. at 87).

This Court cannot make any conclusions as a matter of law based on these conflicting testimonies. The Court cannot assess how to evaluate the testimony of Interior Rock's president and that of his nephew; that is for a fact finder. Accordingly, the Court cannot award summary judgment to any party on the indemnification causes of action as there is an issue of fact about whether Interior Rocks put the planks down.

The Court, however, dismisses the cause of action against Interior Rock for failure to procure insurance. Interior Rock included proof that it obtained insurance and SMI did not raise an issue of fact to suggest that Interior Rock failed to do so.

Accordingly, it is hereby

ORDERED that VillageFH, LLC and SMI Construction Management's motion (MS004) for summary judgment dismissing all claims against it is granted only the extent that (1) all claims against VillageFH, LLC are severed and dismissed and (2) plaintiff's causes of action against SMI Construction Management for Labor Law § 241-a and those portions of plaintiff's Labor Law § 241(6) based on Industrial Code Sections 23-1.22(b)(3), (4) and sections (c)(1)-(2) are severed and dismissed and denied with respect to the remaining relief requested; and it is further

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 13 of 14**

13 of 14

ORDERED that plaintiff's cross-motion is granted only to the extent that the branch of the motion for leave to amend his bill of particulars is granted and the remaining relief is denied; and it is further

ORDERED that Interior Rock, Inc's motion (MS005) is granted only to the extent that the claim asserted against it for failure to procure insurance is dismissed and denied with respect to the remaining relief requested.

| 4/1/2024 | | |
| --- | --- | --- |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | GRANTED IN PART | **X** OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154863/2018   RODRIGUEZ, ROBERTO vs. VILLAGEFH, LLC**
**Motion No.  004 005**

**Page 14 of 14**

14 of 14